UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THERONE MAGEE                                        *        CIVIL RIGHTS ACTION:  2:14-cv-01554
                                                     *                                 H(1)
VERSUS                                               *        42 U.S.C. § 1983, ET ALIA
                                                     *
DISTRICT ATTORNEY WALTER P. REED,                    *        JUDGE:
ST. TAMMANY PARISH RODNEY STAIN,                     *
ADA RONNIE GRACIANETTE, ADA JASON                    *        MAG JUDGE:
CUCCIA, ST TAMMANY PARISH DISTRICT                   *
ATTORNEYS OFFICE, ST TAMMANY PARISH                  *        JURY TRIAL
SHERIFF'S OFFICE, DEPUTIES JOHN AND                  *
JANE DOES, ABC INSURANCE COMPANIES                   *
                                                     *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  JAN 16 2015

WILLIAM W. BLEVINS
CLERK

First Amended Complaint

I, Therone Magee, a resident of St. Tammany Parish, in the State of Louisiana, who being

an adult, file this original complaint on my own behalf, against the persons who have falsely arrested

me, kept in St. Tammany Parish jail for over two years, and made up false charges with which they

prosecuted me until a St. Tammany Parish jury consisting of twelve St. Tammany Citizens, ten of

whom were white and two of whom were African-American, found me NOT GUILTY of the charges

brought against me by District Attorney Walter P. Reed and Sheriff Jack Strain, on or about the 8th

of July 2013, less than one year ago this month. I am an African-American citizen and resident of

the State of Louisiana and the Parish of St. Tammany.

Jurisdiction

Federal Law Claims

1.

Jurisdiction of this Court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42

Fee
Process
X  Dktd
CtRmDep
Doc. No.

U.S.C. §§. 1983, 1985, 1986, and 1988.

Request for Redress the Deprivation of My Rights Under

The United States Constitution, the 1974 Constitution of Louisiana,

and the Laws of the United States and Those of Louisiana, As Well

2.

I am filing this action to redress the deprivation of my rights, under color of state law, by local St. Tammany Parish authorities—including but not only 22nd Judicial District Attorney Walter P. Reed, his ADA Ronnie Gracinette and his office, St. Tammany Parish Sheriff Rodney "Jack" Strain, his office and certain deputies in his office and others as such authorities have been defined by the United States 5th Circuit Court of Appeal in *Holly Ray Burns v. Sheriff Jack Strain, et al.* [5th Cir. No. 05-30837], *and Burge v. Parish of NOPD,* 187 F.3d 452, citing *Mairena*, 816 F.2d at 1064 and *Hudson*, 174 F.3d 677—in violation of his rights, privileges, and immunities under the United States Constitution and the 1974 Louisiana Constitution.

4.

Pendant State Law Claims

Jurisdiction of this Court for pendent claims is authorized by 28 U.S.C. § 1367 with respect to the state law claims, inasmuch as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and under F.R.Civ.P.18(a) and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715.

5.

Pendent claims arise from violation of claimant's right, as set forth in those claims and as the rights violated are expressly guaranteed and protected under the 1974 Louisiana Constitution,

particularly due process of law, right to individual dignity, right to privacy, right to judicial review, right to human treatment, and access to courts; and under the laws of the State of Louisiana including but not limited to protection against: battery, assault, intimidating by officers, kidnaping, false imprisonment, extortion, liability for any and all acts causing damages.

## VENUE

### 6.

Venue in the United States Courts for the Eastern District of Louisiana is proper under 28 U.S.C. § 1391(b), as the violations and actions took place in St. Tammany Parish.

## PARTIES

### Complainants

### 7.

A.   **Complainant THERONE MAGEE, AS I AM** a person of the age of majority and a resident of the Parish of St. Tammany, State of Louisiana, and to whom and in the Parish of St. Tammany where all the violations of my constitutional rights took place.

### Defendants

### 8.

A.   Defendant **Walter P. Reed**, the District Attorney for the Parish of St. Tammany, in both his individual and official capacity, did prosecute me falsely because I am an African-American male, which fact was known to defendant Mr. Reed and was used against me during conversations with my attorneys and which such race-based prosecution what been evidenced and proven at the jury trial on this matter. The jury in St. Tammany Parish consisted of twelve persons, ten of whom were white, two of

Page 3 of 21

whom were African-American, but all of whom found me NOT GUILTY, on July 8, 2013.

B.    Defendant **Assistant District Attorney Ronald Gracianette**, the Chief of the Felony Division of the District Attorney's Office for the Parish of St. Tammany, in both his individual and official capacity, did prosecute me falsely because I am an African-American male, at the instruction and under the direction of co-defendant and his boss, defendant Walter P. Reed.

C.    **Defendant Assistant District Attorney Jason Cuccia**, the Chief of the Felony Division of the District Attorney's Office for the Parish of St. Tammany, in both his individual and official capacity, did prosecute me falsely because I am an African-American male, at the instruction and under the direction of co-defendant and his boss, defendant Walter P. Reed.

D.    **Defendant Sheriff Rodney "Jack" Strain**, in his official capacity as the Sheriff of St. Tammany Parish, State of Louisiana, who at all times pertinent hereto fail to organize and control his office and the officers in his office such that he allowed and failed to prevent violations of my rights, as I, Therone Magee, have been damaged by his failure as I have stated and verified in my lawsuit herein.

E.    **Defendant St. Tammany Parish Deputies John and Jane Does**, in their individual and official capacity as a deputy and officer of the Sheriff's Office of St. Tammany Parish, State of Louisiana, who at all times pertinent hereto did violate my rights, as I, Therone Magee, have been damaged by his failure as I have stated and verified in my lawsuit herein.

F.     **Defendant St. Tammany Parish Sheriff's Office** in its official capacity as the Sheriff Office of St. Tammany Parish, State of Louisiana, which at all times pertinent hereto fail to organize and control its office and the officers in his office such that it allowed and failed to prevent violations of my rights, as I, Therone Magee, have been damaged by his failure as I have stated and verified in my lawsuit herein.

G.     **Defendant John Doe and Jane Doe**, natural persons including judicial officers, and attorneys, who have not been identified by name, but who did conspire with co-defendants variously, and were the persons who began the attack on me, Therone Magee, such as to violate my rights under the United States Constitution and the amendments thereto, and his rights under federal laws, including but not limited to violations of 42 U.S.C. § 1983, *et seq*, and 18 U.S.C. 1961-1968 as well as his rights under the Constitution of the State of Louisiana.

H.     **ABC Insurance Companies**, are foreign corporations, licensed to do and doing business in the State of Louisiana, which at all times pertinent hereto did provide to various co-defendants  policies of insurance covering their activities and those of their employees and agents. When identified, the true names shall be substituted for the place names of ABC Insurance, *et al.* and the complaint shall be amended pursuant the Louisiana Rules of Civil Procedure.

## STATEMENT OF FACTS

### 9.

My name is Therone Magee and I am a black male who lives in St. Tammany Parish and did live there during the time all of these events took place.

10.

I was accused by the deputies in the St. Tammany Parish Sheriff's Office of distributing drugs during the time period of about two years prior to my trial and incarceration.

11.

I did not do any of the crimes which they accused me of at that time, but was prosecuted instead of other individuals, because I am a black man living in St. Tammany Parish.

12.

The Sheriffs officers said that the person who was distributing the drugs in question was a Hispanic male, but I am not a Hispanic male, nor do I look like a Hispanic male.

13.

Approximately five [5] months after the alleged incident took place, I will arrested and accused of the crimes which they said the Hispanic male had committed.

14.

The Sheriff's officers did not use a six picture line-up they only used a single picture which they used about five hours after the incident took place, the incident which they accused me of.

15.

Neither the Sheriff's officers nor the District Attorneys officials ever pursued any Hispanic male after they decided to go after me and continue to prosecute me.

16.

The law enforcement people simply let the Hispanic male walk.

17.

The detectives came to the job of the mother of my baby, and harassed her almost causing

her to get fired.

18.

The detectives kept going to and from and in and out of the homes of my family members in an attempt to harass them and threaten me.

19.

The detectives took one of my family members to jail, for trying to help me prove that I was innocent and that I did not commit the crimes they thought the Hispanic male had committed.

20.

I hired attorney Jim Mormin who met with the District Attorneys officers and they told him that I was guilty and offered to give me a 60 year sentence if I pleaded guilty [to crimes I did not commit].

21.

They attempted to have attorney Jim Mormim swap me out with two of his other clients Ms. Teresa Chow and Mr. Ronald Chow [an Asia and white married couple].

22.

Ms. Teresa Chow hired Jim Mormin since she had known him and been associated with him for 15 years.

23.

I had Mr. Mormin for approximately two months as my lawyer.

24.

Mr. Mormin took my case and the Chows case to District Attorney Walter Reed, in an attempt to swap-out me for a longer sentence and allowing them to get a deal.

25.

Walter Reed offered to reduce the sentence for Ms. Chow from 5 years to No Time.

26.

Walter Reed offered to reduce the sentence for Mr. Chow from 15 years to 1 year.

27.

Since I am a black man, District Attorney Walter Reed would only offer me 60 years.

28.

I was on parole and even my parole officer took my side and tried to help me convince the sheriff's officers and the district attorney that I did not commit the crimes they accused me of.

29.

My parole officer knew that I was not involved with any drugs because of the frequency of the POP-Up observations that she was doing with me.

30.

There was persons in some of the churches I am associated with who tried to discuss my case with Walter Reed and other persons in the district attorneys office; Walter Reed and his assistants refused to meet and talk with them.

31.

I was personal friends with one of Walter Reed's sons, who offered to try and help me with this matter, but he told me that he spoke with this father who refused to listen to anything he said about me.  He told his father that I was being offered 60 years in jail, for something I did not do.

32.

Walter Reed would not talk to his son about my case or the fact that I did not commit the

crimes they were prosecuting me for.  Walter Reed told his son that I was going to go away for a very long time.

33.

Attorneys Rachael and Tim Yazbeck took over my case.

34.

They conducted investigations and prepared for trial and before trial tried to talk with ADA Ronnie Gracianette and eventually District Attorney Walter Reed.

35.

The mother of our baby spent a lot on money in hiring lawyers and trying to get me out of jail.

36.

I spent over two years in jail during this time while I was waiting for trial, for something I did not do and which the St. Tammany Parish twelve person jury eventually found me not guilty of.

37.

I lost a lot of time with my son who I was unable to see and to help raise during the two years that I was falsely prosecuted and was in jail.

38.

When Racheal Yazbeck met with ADA Ronnie Gracianette he told he that he was not able to help me or offer my any other plea, because Walter Reed had already decided what he was going to do with my case.

39.

Before trial, Rachael Yazbeck meet with District Attorney Walter Reed himself.

40.

Walter Reed asked Ms. Yazbeck if I was the African American defendant; she said that I was.

41.

Walter Reed said I will give him 60 years if he pleaded guilty; if not, then we will give him a life sentence.

42.

After he told her that, Walter Reed told her to leave his office.

43.

I went to trial on the 8th of July 2013 with a St. Tammany Parish jury composed of ten while jurors and two black jurors.

44.

After we completed the trial with Rachael and Tim Yazbeck as my lawyers, the St. Tammany Parish jury came back and found me NOT guilty on all of the charges.

45.

I was not convicted of the crimes I was charged with and that I did not commit.

46.

I lost two years of my life in prison because Walter Reed, certain Sheriff's deputies and Reed's assistants prosecuted me because I am a black male.

47.

District Attorney Walter Reed has prosecuted others because they were black males as well, even though they have not committed any crimes.

48.

I have lost money as well as personal enjoyment of life and my relationships with my son and the mother of my son and other family members.

49.

My constitutional rights have been violated by the defendants we have named in this lawsuit and those we shall discover and name in the future.

50.

I seek all compensation, penalties, attorney fees, and cost which I am entitled to under federal and state law for the damages and injuries inflicted upon my by the defendants in this lawsuit.

## COUNT I – § 1983 CAUSES OF ACTION

51.

These defendants falsely assaulted, detained, and charged plaintiff in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Under color of law, and having made a custodial arrest, defendants did inflict serious, permanent injuries upon me and cause damages to me and otherwise violated my federal constitutional and federal civil rights.

52.

These defendants acted in combination and in concert to commit unlawful and unconstitutional acts against plaintiff.  Furthermore, the law under the Fourth, Fifth, Eighth, and Fourteenth Amendments in this regard is clearly established so as to defeat any purported police defendants' qualified immunity for state law claims.

53.

As the complainant, I, Therone Magee, repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if set forth herein.

54.

At all times relevant herein, the conduct of all defendants were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988.

55.

Acting under the color of law, defendants worked a denial of my rights, privileges, and immunities secured by the United States Constitution and by Federal law.

## COUNT II - ENUMERATED § 1983 VIOLATIONS

56.

I repeat and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if set forth herein.

57.

At all times relevant herein, the conduct of all defendants were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988.

58.

Acting under the color of law, defendants worked a denial of my rights, privileges, and immunities secured by the United States Constitution and by Federal law, including but not limited to the violations enumerated immediately below.

59.

**VIOLATION OF 42 U.S.C. 1983 - Concerted Unlawful and Malicious Subsequent Arrests and Charges** which deprived me of both my liberty without due process of law and my right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

60.

**VIOLATION OF 42 U.S.C. 1983 -  Concerted Unlawful and Malicious Sequential Detention and Confinement** which deprived me of both my liberty without due process of law and his right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

61.

**VIOLATION OF 42 U.S.C. 1983 - Sheriff Rodney "Jack" Strain, the St. Tammany Parish Sheriff's Office and Its Deputies, for Refusing or Neglecting to Prevent** defendant officers under this control, from violating the rights, privileges, and immunities of me, Therone Magee—as set forth in the facts at paragraphs above or neglect in preventing deprived me of both my liberty without due process of law and my right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

62.

**VIOLATION OF 42 U.S.C. 1983 - VIOLATION OF 42 U.S.C. 1983 - Sheriff Rodney "Jack" Strain, the St. Tammany Parish Sheriff's Office and Its Deputies, by Malicious Prosecution and private co-conspirators** defendant officers under this control, from violating the rights, privileges, and immunities of me, Therone Magee—as set forth in the facts at paragraphs

above or neglect in preventing deprived me of both my liberty without due process of law and my right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

63.

## COUNT III – § 1983 CONSPIRACY CAUSE OF ACTION

All defendants acted in combination and in concert, and in whose "deliberate indifference in not preventing these acts," combined with the willful acts of his deputies acting in concert and conspiracy with the District Attorney, thereby allowing the commission of these unlawful acts of illegally detaining, arresting, extorting, and violating my, Therone Magee's various constitutional rights.

64.

As a result of defendants' conspiracy to commit illegal acts against me, Therone Magee, they are liable to plaintiff per 42 U.S.C. §1983 as well as 42 U.S.C. §1988 for attorneys' fees.

## COUNT IV – § 1983 LIABILITY OF Defendants District Attorney Walter P. Reed, His District Attorneys Office and Various Officers, Sheriff Rodney "Jack" Strain, His Sheriff's Office and Various Officers and John and Jane Does

65.

**District Attorney Walter P. Reed, His District Attorneys Office and Various Officers, Sheriff Rodney "Jack" Strain,  His Sheriff's Office and Various Officers and John and Jane Does** violated my rights as those rights are expressly guaranteed and protected under *Holly Ray Burns v. Sheriff Rodney Jack Strain, et al.* [No. 07-30837, 14 January 2008], *Monell v. New York*

*City Dept of Social Services,* 436 U.S. 658, *City of Canton v. Harris,* 489 U.S. 387, *McMillian v.*

*Monroe County,* 520 U.S. 781, *Bryan County Comm'r v. Brown,* 520 U.S. 397, *and Burge v. St*

*Tammany* 187 F 3d. 452, C.A. 5 (La.) 1999, *State v. Tate* 171 So. 108,  *Perez,* 454 So.2d 806, *Bush*

*I,* 538 So.2d 606, and *Bush II,* 541 So.2d  903.

66.

District Attorney Walter P. Reed, His District Attorneys Office and Various Officers, Sheriff

Rodney "Jack" Strain,  His Sheriff's Office and Various Officers and John and Jane Does are

responsible for the acts and omissions of the employees and are liable for the activities of its agents,

who are not employees.

67.

At all times pertinent hereto, the defendants were acting under color of law, statutes, customs

, policies, ordinances and usages of the State of Louisiana, the Parish of St. Tammany, and District

Attorney Walter P. Reed, His District Attorneys Office and Various Officers, Sheriff Rodney "Jack"

Strain,  His Sheriff's Office and Various Officers and John and Jane Does

68.

At all times pertinent hereto,  District Attorney Walter P. Reed, His District Attorneys Office

and Various Officers, Sheriff Rodney "Jack" Strain,  His Sheriff's Office and Various Officers and

John and Jane Does failed to adopt sufficient policies to deter or prevent the violating of Magee's

civil rights.

69.

At all times pertinent hereto, the  District Attorney Walter P. Reed, His District Attorneys

Office and Various Officers, Sheriff Rodney "Jack" Strain,  His Sheriff's Office and Various

Officers and John and Jane Does failed to develop and/or maintain a custom or policy to identify, discipline, rehabilitate and/or retrain its police officers who violated Magee's civil rights.

70.

At all times pertinent hereto,  District Attorney Walter P. Reed, His District Attorneys Office and Various Officers, Sheriff Rodney "Jack" Strain,  His Sheriff's Office and Various Officers and John and Jane Does negligently hired and retained ADAs and police officers who violated criminal suspects' civil rights.

71.

The illegal and unconstitutional policies and procedures of the department were the driving force of the deprivation of my rights, Therone Magee.

72.

Furthermore, through improper training, improper hiring, negligent retention, ineffective internal policies, ignoring patterns and practices of abuse, these defendants were deliberately indifferent to said policies and procedures leading to my rights being violated.

73.

Also,  District Attorney Walter P. Reed, His District Attorneys Office and Various Officers, Sheriff Rodney "Jack" Strain,  His Sheriff's Office and Various Officers and John and Jane Does and their co-defendants used the policy and procedure to engage in illegal activities to illegally secure charges—including but not limited to *resisting an officer* or *resisting arrest*—against innocent persons, here in violation of my, Therone Magee's federal and state rights.

74.

As a result of their various violations, these defendants are liable to plaintiff pursuant to 42

U.S.C. §§1983, 1985, 1986, and 1988.

75.

At all times pertinent hereto, defendants acting under color of law, are responsible for the actions and inactions of his subordinates as they relate to the violations of my civil rights, in the following non-exhaustive particulars:

1. Failure to properly hire, train, discipline and/or supervise the police officers under his command;

2. Failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the Sheriff's Department and the District Attorney's Office;

3. Condoning a pattern, practice and/or custom of police officer intimidation and abuse, and by failing to take appropriate and reasonable measures to ensure that the members of the general public are protected from unlawful searches, seizures, and extortion by members of the defendants offices and departments;

76.

All of the acts and omissions alleged herein are established customs, policies and practices, which, among others, have the effect of depriving me, Therone Magee of my right to due process of law, including freedom from unreasonable searches and seizures, as well as other rights, privileges and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Louisiana, which directly and proximately caused the damages complained of herein.

77.

At all times pertinent hereto, defendants were acting within the course and scope of their

employment and authority under the color of law, with the liable for the acts of said defendants

and/or vicarious liability for all causes and claims stated herein.

78.

As a result of their various violations, these defendants are liable to me, Therone Magee,

pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988.


## COUNT V – LIABILITY OF DISTRICT ATTORNEY AND HIS OFFICE

79.

St. Tammany District Attorney, his assistants, and his office violated my rights as those rights

are expressly guaranteed and protected under *Monell v. New York City Dept of Social Services,* 436

U.S. 658, *City of Canton v. Harris,* 489 U.S. 387, *McMillian v. Monroe County,* 520 U.S. 781, *Bryan*

*County Comm'r v. Brown,* 520 U.S. 397, *and Burge v. St Tammany* 187 F 3d. 452, C.A. 5 (La.)

1999, and *Holly Ray Burns v. Sheriff Rodney Jack Strain, et al.* [No. 07-30837, 14 January 2008].

80.

St. Tammany District Attorney, his assistants, and his office have violated their mandate as

set forth in the United States Constitution and the 1974 Louisiana Constitution, as articulated

expressly in *State v. Tate* 171 So. 108,  *Perez,* 454 So.2d 806, *Bush I,* 538 So.2d 606, and *Bush II,*

541 So.2d 903. And have violated that mandate as further defined under *Monell v. New York City*

*Dept of Social Services,* 436 U.S. 658, *City of Canton v. Harris,* 489 U.S. 387, *McMillian v. Monroe*

*County,* 520 U.S. 781, *Bryan County Comm'r v. Brown,* 520 U.S. 397, *and Burge v. St Tammany*

Page 18 of 21

187 F 3d. 452, C.A. 5 (La.) 1999, *State v. Tate* 171 So. 108,  *Perez*, 454 So.2d 806, *Bush I*, 538 So.2d 606, and *Bush II*, 541 So.2d  903.

81.

By conspiring with the Sheriff's office to obstruct my rights, and having prosecuted me based on my race as African-American, I seek the redress of the violations of his constitutional and civil rights, the St. Tammany District Attorney, his assistants, and his office have violated their mandate as set forth in the 1974 Louisiana Constitution, and as articulated—specifically prohibiting a district attorney from being involved or interested in any extrinsic matters, which might consciously or unconsciously impair his power to conduct an accused's trial impartially. *State v. Tate*, Sup.1936, 185 La. 1006, 171 So. 108.

82.

In violating their constitutional mandate, the St. Tammany District Attorney, his assistants, and his office have also deprived and violated my constitutional and civil rights as set forth in *Monell v. New York City Dept of Social Services,* 436 U.S. 658, *City of Canton v. Harris,* 489 U.S. 387, *McMillian v. Monroe County,* 520 U.S. 781, *Bryan County Comm'r v. Brown,* 520 U.S. 397, *and Burge v. St Tammany* 187 F 3d. 452, C.A. 5 (La.) 1999, *State v. Tate* 171 So. 108,  *Perez*, 454 So.2d 806, *Bush I*, 538 So.2d 606, and *Bush II*, 541 So.2d  903.

## COUNT VI – DUE PROCESS AND EQUAL PROTECTION VIOLATIONS

83.

By illegally and sequentially arresting, falsely charging me, Therone Magee, and attempting to denying me a good faith prosecution, a right to a fair trial, all color of law officials and district-

Page 19 of  21

attorneys defendants violated my rights to due process and equal protection as set forth by the United States Constitution.

## COUNT VIII – LOUISIANA LAW CLAIMS

84.

Based on the facts stated above, plaintiff hereby asserts various claims under the 1974 Louisiana Constitution and laws of the State of Louisiana including the acts of false arrest, false imprisonment, assault, battery and extortion, malicious prosecution, race-based prosecution, and others to be named after discovery and before the jury trial on this matter.

85.

Based on the facts stated above, co-defendants did knowingly and intentionally, or in the alternative negligently, violate my rights under Louisiana law.

86.

The facts underlying defendants' violations of my rights are distinct and separate from any facts underlying the various charges created, made, altered—and almost one year after the incident, newly charged against me—such that they can coexist with any fact-based aspect of any element of any charge which has been created, made, and now advanced by the defendants Sheriff and District Attorney.

## DAMAGES

87.

I, Therone Magee, seek damages against the defendants pursuant to 42 U.S.C. § 1983, 1985, 1986, for unlawful arrest, excessive force, extortion, race-based prosecution, and other violations of my civil right as more fully set forth above, and all damages under Louisiana law as well.

88.

Pursuant to this court's supplemental jurisdiction, I seek damages against the defendants under Louisiana state law for false arrest, battery, extortion, and other illegal acts as more fully set forth above.  I, Therone Magee also seek punitive damages under 42 U.S.C. § 1983, 1985, 1986, and attorneys' fees under 42 U.S.C. §1888.

<u>Request for Trial by Jury</u>

89.

I, Therone Magee, request a trial by a jury of my peers.

<u>Request for Relief</u>

Based on the facts stated above, we ask the Court to hear this matter and after it has been heard rule in favor of me, Therone Magee and against all defendants and award such damages as are allowed under federal and state law, including all penalties and fees and costs for bringing this matter and those fees and costs required to defend myself in the fraudulent criminal matters.

Filed and submitted with verification:

*Therone Magee*

Therone Magee, Complainant, Pro Se
1835 Labarre Street
Mandeville, LA 70448
Telephone: (985) 714-6263

I, Therone Magee have personal knowledge of the facts and statements made herein and therefore verify that these facts are true to the best of my knowledge and belief. I have worked with counsel and advisors to comply with the requirements needed to submit this complaint.

1-16-2015
Verified on 2015

*Therone Magee*

Therone Magee