UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THERONE MAGEE | CIVIL ACTION NO.:  14-1554 |
| VERSUS | SECTION:  "H" |
| DISTRICT ATTORNEY WALTER REED, ET AL. | MAGISTRATE:  02 |
| | JURY DEMAND |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL AND FIRST AMENDED COMPLAINTS

NOW INTO COURT, through undersigned counsel, comes defendant Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish ("Sheriff Strain"), who, in response to Plaintiff's Complaint (Rec. doc. 1), filed herein on July 3, 2014, and plaintiff's First Amended Complaint (Rec. doc. 5), filed herein on January 16, 2015, pleadings which are in fact identical in substance, respectfully represents:

### FIRST DEFENSE

This Honorable Court lacks jurisdiction over the subject matter of this case.

### SECOND DEFENSE

The plaintiff's Complaint and First Amended Complaint fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

The plaintiff's Complaint and First Amended Complaint were untimely filed as to some, if not all, of his claims against Sheriff Strain, and therefore are barred by the applicable statute of limitations.

## FOURTH DEFENSE

At all times relevant herein, Sheriff Strain, as well as any and all individuals for whose behavior he is legally responsible, acted in a reasonable and proper manner, and they fully complied with any and all legal duties and standards of care imposed by law and applicable to them.

## FIFTH DEFENSE

The actions, if any, of Sheriff Strain, as well as any and all individuals for whose behavior he is legally responsible, were within their legal authority as law enforcement officers and were taken in good faith, without malice, with reasonable cause with a sincere belief that said actions were legal and under laws believed to be constitutional in nature, and without any intention whatsoever to harm plaintiff.

## SIXTH DEFENSE

Sheriff Strain avers that, at all times herein, his own conduct and actions were reasonable, justified, and legally permissible under the circumstances.

## SEVENTH DEFENSE

The allegations of plaintiff, even if proven, do not show the deprivation of a protected federal constitutional right.

## EIGHTH DEFENSE

Sheriff Strain avers that plaintiff's damages, if any, were caused or contributed to by the fault of a person or persons over whom he exercised no authority, jurisdiction, or control, and for whose actions and/or conduct he is not legally responsible.

## NINTH DEFENSE

Sheriff Strain specifically denies the extent and measure of damages alleged by the plaintiff in this proceeding, and he specifically denies that he is in any manner legally liable for any of that amount.

## TENTH DEFENSE

To the extent the instant Complaint and First Amended Complaint may be determined to set out a cause of action in negligence, the plaintiff himself, by virtue of his own actions and conduct was guilty of negligence and/or contributory negligence and/or intentional misconduct or assumption of the risk, all of which will be more fully shown at the trial of this matter.

## ELEVENTH DEFENSE

The plaintiff has failed to mitigate any damages that he may have suffered, despite a legal duty to do so.

## TWELVTH DEFENSE

Sheriff Strain played no personal role in the alleged misconduct in this case, is not vicariously liable for the acts of his deputies, and cannot – as a matter of law – be held liable on the basis of *respondeat superior* as a result of the allegations in plaintiff's Complaint and First Amended Complaint.

## THIRTEENTH DEFENSE

Sheriff Strain specifically pleads the affirmative defense of qualified immunity and show that he is entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course and scope of their official duties.

## FOURTEENTH DEFENSE

Sheriff Strain is also entitled to and hereby invokes all relevant and applicable provisions of the Louisiana Governmental Claims Act (LSA-R.S. 13:5101 et seq.), specifically including the limitation of liability contained therein, as well as any and all other statutory or jurisprudential limitation of liability, costs, and interest available to him under the law.

## FIFTEENTH DEFENSE

Sheriff Strain is also specifically entitled to and hereby invokes all relevant and applicable provisions of LSA-R.S. 9:2798.1 and the limitation of liability contained therein.

## SIXTEENTH DEFENSE

Plaintiff's claims are without merit and Sheriff Strain is entitled for this court to award him attorney's fees and cost incurred in the defense of this case.

**AND NOW FOR ANSWER** to the specific allegations of plaintiff's Original Complaint (Rec. doc. 1) and his First Amended Complaint (Rec. doc. 5), answering defendant Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, does show:

1.

The allegations contained in the opening, unnumbered paragraph of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 1 of plaintiff's Complaint and First Amended Complaint do not require an answer from Sheriff Strain, but insofar as such may be required, the allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 2 of plaintiff's Complaint and First Amended Complaint do not require an answer from Sheriff Strain, but insofar as such may be required, the allegations are denied for lack of sufficient information to justify a belief

therein. Further, it is specifically and expressly denied that Sheriff Strain violated plaintiff's constitutional and state law rights in any manner.

4.

There is no paragraph 3 of plaintiff's Complaint and First Amended Complaint.

5.

The allegations of Paragraph 4 of plaintiff's Complaint and First Amended Complaint do not require an answer from Sheriff Strain, but insofar as such may be required, the allegations are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 5 of plaintiff's Complaint and First Amended Complaint do not require an answer from Sheriff Strain, but insofar as such may be required, the allegations are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 6 of plaintiff's Complaint and First Amended Complaint pertaining to venue do not require an answer from Sheriff Strain, but insofar as such may be required, the allegations are denied for lack of sufficient information to justify a belief therein. Further, it is specifically and expressly denied that Sheriff Strain violated plaintiff's constitutional and state law rights in any manner.

8.

The allegations of Paragraph 7 of plaintiff's Complaint and First Amended Complaint pertaining to the status of the plaintiff do not require an answer from Sheriff Strain, but insofar as such may be required, the allegations are denied for lack of sufficient information to justify a belief therein. Further, it is specifically and expressly denied that Sheriff Strain violated plaintiff's constitutional rights.

9.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 8 of plaintiff's Complaint and First Amended Complaint are denied except to admit that, at all relevant times herein, Sheriff Strain has served as the duly-elected Sheriff of St. Tammany Parish. Further, it is specifically and expressly denied that Sheriff Strain committed any act or omission for which there is civil liability and that plaintiff is entitled to damages from Sheriff Strain. Insofar as the allegations relate to other parties, they do not require any answer for this Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 9 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that plaintiff was arrested by deputies employed by Sheriff Strain and the St.

Tammany Parish Sheriff's Office ("STPSO") on the 19th day of August, 2011 for

Distribution of the Schedule II Controlled Dangerous Substance, namely cocaine.

11.

The allegations of Paragraph 10 of plaintiff's Complaint and First Amended

Complaint are denied as written and/or denied for lack of sufficient information to justify a

belief therein.

12.

The allegations of Paragraph 11 of plaintiff's Complaint and First Amended

Complaint are specifically and expressly denied.

13.

The allegations of Paragraph 12 of plaintiff's Complaint and First Amended

Complaint are denied for lack of sufficient information to justify a belief therein.

14.

It is admitted that plaintiff was arrested by deputies employed by Sheriff Strain and

the STPSO on the 19th day of August, 2011 for Distribution of the Schedule II Controlled

Dangerous Substance, namely cocaine. The remaining allegations of Paragraph 13 of

plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of

sufficient information to justify a belief therein.

15.

The allegations of Paragraph 14 of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein except to admit that after the sale of a substance suspected to be powder cocaine by plaintiff to an undercover deputy, the undercover deputy described the subject seller and his tattoos to a detective who, from knowledge of plaintiff from a past narcotics investigation, obtained a booking photo of plaintiff from one of his previous numerous arrests. The detective showed the photo to the undercover deputy, who confirmed that the person in the photo to be the same individual who had sold him the suspected powder cocaine.

16.

The allegations of Paragraph 15 of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 16 of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 17 of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein. It is specifically and expressly denied that any action of Sheriff Strain or any of his deputies constituted harassment.

19.

The allegations of Paragraph 18 of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein. It is specifically and expressly denied that any action of Sheriff Strain or any of his deputies constituted harassment or was done in an attempt to threaten plaintiff.

20.

The allegations of Paragraph 19 of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 20 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 21 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 22 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 23 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 24 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 25 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 26 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 27 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 28 of plaintiff's Complaint and First Amended Complaint are denied as written and/or denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 29 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein except to admit that plaintiff was on parole stemming from a February 15, 2005 conviction wherein plaintiff plead guilty to unlawfully violating a R.S. 40:967A(1): Possession With Intent To Distribute A Schedule II Controlled Dangerous Substance, namely cocaine.

31.

The allegations of Paragraph 30 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 31 of plaintiff's Complaint and First Amended Complaint denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 32 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 33 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

35.

The allegations of Paragraph 34 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 35 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 36 of plaintiff's Complaint and First Amended Complaint are denied as written and/or denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 37 of plaintiff's Complaint and First Amended Complaint are denied as written and/or denied for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph 38 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of Paragraph 39 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of Paragraph 40 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

42.

The allegations of Paragraph 41 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of Paragraph 42 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of Paragraph 43 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein. Sheriff Strain further shows that the court records are the best evidence of the disposition of the referenced matter.

45.

The allegations of Paragraph 44 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein. Sheriff

Strain further shows that the court records are the best evidence of the disposition of the referenced matter.

46.

The allegations of Paragraph 45 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein. Sheriff Strain further shows that the court records are the best evidence of the disposition of the referenced matter.

47.

The allegations of Paragraph 46 of plaintiff's Complaint and First Amended Complaint are denied as written and/or denied for lack of sufficient information to justify a belief therein, and it is specifically and expressly denied that any action of Sheriff Strain or any of his deputies was motivated by the race of the plaintiff.

48.

The allegations of Paragraph 47 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

49.

The allegations of Paragraph 48 of plaintiff's Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

50.

The allegations of Paragraph 49 of plaintiff's Complaint and First Amended Complaint are specifically and expressly denied insofar as they relate to Sheriff Strain. Insofar as they relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or denied for lack of sufficient information to justify a belief therein.

51.

The allegations of Paragraph 50 of plaintiff's Complaint and First Amended Complaint are specifically and expressly denied. Further, it is specifically denied that plaintiff is entitled to any measure of damages from Sheriff Strain.

52.

Insofar as they relate to answering Sheriff Strain, the allegations of Paragraph 51 of plaintiff's Complaint and First Amended Complaint are denied in their entirety. Further, it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or denied for lack of sufficient information to justify a belief therein.

53.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 52 of plaintiff's Complaint and First Amended Complaint are denied in their entirety. Further, it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights, whether alone or in concert with any party. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph 53 of plaintiff's Complaint and First Amended Complaint do not require an answer from Sheriff Strain, but insofar as such is deemed to be required, it is specifically and expressly denied that Sheriff Strain or an of his deputies violated plaintiff's constitutional and state law rights and it is specifically and expressly denied that they committed any act or omission for which there is civil liability and that plaintiff is entitled to damages from Sheriff Strain.

55.

The allegations of Paragraph 54 of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

56.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 55 of plaintiff's Complaint and First Amended Complaint are denied in their entirety. Further, it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights and/or federal law. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

57.

The allegations of Paragraph 56 of plaintiff's Complaint and First Amended Complaint do not require an answer from Sheriff Strain, but insofar as such is deemed to be required, it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional and state law rights and it is specifically and expressly denied that any of them committed any act or omission for which there is civil liability and that plaintiff is entitled to damages from Sheriff Strain.

58.

The allegations of Paragraph 57 of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

59.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 58 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights and/or federal law. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

60.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 59 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

61.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 60 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated

plaintiff's constitutional rights. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

### 62.

The allegations of Paragraph 61 of plaintiff's Complaint and First Amended Complaint are specifically and expressly denied, and it is specifically denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights.

### 63.

The allegations of Paragraph 62 of plaintiff's Complaint and First Amended Complaint are specifically and expressly denied, and it is specifically denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights.

### 64.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 63 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights, whether alone or in concert with any party, and/or engaged in any type of conspiracy to violate the plaintiff's constitutional rights. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff

Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

65.

The allegations of Paragraph 64 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights, whether alone or in concert with any party, and/or engaged in any type of conspiracy to violate the plaintiff's constitutional rights and it is specifically and expressly denied that Sheriff Strain or any of his deputies committed any act or omission for which there is civil liability, and that plaintiff is entitled to damages or attorney's fees from Sheriff Strain.

66.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 65 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

67.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 66 of plaintiff's Complaint and First Amended Complaint are denied in their entirety. Further, Sheriff Strain played no personal role in the alleged misconduct in this case, is not vicariously liable for the acts of his deputies, and cannot be held liable – as a matter of law – on the basis of *respondeat superior* as a result of the allegations in this paragraph. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

68.

The allegations of Paragraph 67 of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

69.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 68 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the

allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

70.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 69 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights. Insofar as the allegations relate to other parties, they do not require any answer from  Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or denied for lack of sufficient information to justify a belief therein.

71.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 70 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

72.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 71 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights and/or took any action or inaction in violation of law. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

73.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 72 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

74.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 73 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated

plaintiff's constitutional rights and/or took any action in violation of law. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

75.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 74 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional and state law rights. Further, it is specifically and expressly denied that Sheriff Strain committed any act or omission for which there is civil liability and that plaintiff is entitled to any measure of damages from Sheriff Strain. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

76.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 75 of plaintiff's Complaint and First Amended Complaint are specifically and expressly denied. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

77.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 76 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional and state law rights. Further, it is specifically and expressly denied that Sheriff Strain or any of his deputies committed any act or omission for which there is civil liability and that plaintiff is entitled to any measure of damages from Sheriff Strain. Insofar as the allegations relate to other parties, they do not require any answer frrom Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

78.

Insofar as they relate to answering Sheriff Strain, the allegations of Paragraph 77 of plaintiff's Complaint and First Amended Complaint are admitted only to the extent that certain STPO deputies were acting in the course and scope of their employment during the April 23, 2011 sale of cocaine from plaintiff to an undercover deputy, the subsequent police investigation, and the plaintiff's arrest on the 19th day of August, 2011 for Distribution of the Schedule II Controlled Dangerous Substance, cocaine. In all other respects, the allegations of this Paragraph are denied in their entirety. Further, Sheriff Strain Sheriff Strain played no personal role in the alleged misconduct in this case, is not vicariously liable for the acts of his deputies, and cannot – as a matter of law

– be held liable on the basis of *respondeat superior* as a result of the allegations in plaintiff's Complaint and First Amended Complaint. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

79.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 78 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights and it is specifically and expressly denied that Sheriff Strain or any of his deputies committed any act or omission for which there is civil liability and that plaintiff is entitled to any measure of damages from Sheriff Strain. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

80.

The allegations of Paragraph 79 of plaintiff's Complaint and First Amended Complaint do not require an answer from Sheriff Strain, but insofar as such is deemed to be required, the allegations are denied for lack of sufficient information to justify a belief therein.

81.

The allegations of Paragraph 80 of plaintiff's Complaint and First Amended Complaint do not require an answer from Sheriff Strain, but insofar as such is deemed to be required, the allegations are denied for lack of sufficient information to justify a belief therein.

82.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 81 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights, whether alone or in concert with any party, and/or engaged in any type of conspiracy to violate the plaintiff's constitutional rights. Further, it is specifically and expressly denied that any action of Sheriff Strain or any of his deputies was motivated by the race of the plaintiff. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

83.

The allegations of Paragraph 82 of plaintiff's Complaint and First Amended Complaint do not require an answer from Sheriff Strain, but insofar as such is deemed to

be required, the allegations are denied for lack of sufficient information to justify a belief therein.

84.

Insofar as they relate to Sheriff Strain, the allegations of Paragraph 83 of plaintiff's Complaint and First Amended Complaint are denied in their entirety, and it is specifically and expressly denied that Sheriff Strain or any of his deputies violated plaintiff's constitutional rights. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

85.

Insofar as they relate to alleged acts by Sheriff Strain, the allegations of Paragraph 84 of plaintiff's Complaint and First Amended Complaint are specifically and expressly denied. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

86.

Insofar as they relate to alleged acts by Sheriff Strain, the allegations of Paragraph 85 of plaintiff's Complaint and First Amended Complaint are specifically and expressly denied. Insofar as the allegations relate to other parties, they do not require

any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

87.

The allegations of Paragraph 86 of plaintiff's Complaint and First Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

88.

The allegations of Paragraph 87 of plaintiff's Complaint and First Amended Complaint are denied in their entirety as they relate to Sheriff Strain, and it is specifically and expressly denied that Sheriff Strain or any of his deputies committed any acts or omissions for which there is civil liability and that plaintiff is entitled to any measure of damages from Sheriff Strain. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

89.

The allegations of Paragraph 88 of plaintiff's Complaint and First Amended Complaint are denied in their entirety as they relate to the answering Sheriff Strain, and it is specifically and expressly denied that Sheriff Strain or any of his deputies committed any acts or omissions for which there is civil liability and that plaintiff is

entitled to any measure of damages from Sheriff Strain. Insofar as the allegations relate to other parties, they do not require any answer from Sheriff Strain, but insofar as such may be required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

90.

The allegation of Paragraph 89 of plaintiff's Complaint and First Amended Complaint does not require an answer from Sheriff Strain, but insofar as such is required, they are denied for lack of sufficient information to justify a belief therein.

**AND NOW FURTHER RESPONDING** to plaintiff's Complaint and First Amended Complaint:

91.

Sheriff Strain avers that the actions alleged by the plaintiff to have been committed by himself and/or his deputies, to extent those actions are determined to be true and correct, were performed pursuant to clear and reasonable pre-existing policies established by himself and other supervisory personnel of the STPSO, and that those policies met any and all applicable standards of care and conduct, and that said policies bore a rational relationship to legitimate law-enforcement interests.

92.

Plaintiff's claims are without merit and Sheriff Strain is entitled to an award of attorney's fees and costs incurred in the defense of this case, pursuant to the Civil Rights

Attorney's Fee Awards Act of 1976, codified as 42 U.S.C.A. § 1988(b) and as interpreted by

*Hensley v. Eckerhart,* 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) and its progeny.

93.

Finally, Sheriff Strain requests a trial by jury herein as to all matter properly tried

thereby.

**WHEREFORE**, defendant Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of

St. Tammany Parish, prays that after all due proceedings have been had, that there be

judgment rendered herein in his favor dismissing plaintiff's lawsuit at plaintiff's costs.

Sheriff Strain further prays that plaintiff's case be declared frivolous and seeks all

general and equitable relief to which he may be entitled under law and equity.

Respectfully submitted:

**TALLEY, ANTHONY, HUGHES &**
   **KNIGHT, L.L.C.**

BY:___/s/ Gary L. Hanes_____
   CHARLES M. HUGHES, JR. (#14382)(T.A.)
   GARY L. HANES (#14341)
2250 7th Street
Mandeville, Louisiana 70471
Telephone: (985) 624-5010
Facsimile: (985) 624-5306
Email: gary.hanes@talleyanthony.com

Attorneys for Defendant
Rodney J. "Jack" Strain, Jr., in his
capacity as Sheriff of St. Tammany
Parish

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on November 18, 2015, a copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Original Complaint and First Amending Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of that system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participant: Therone Magee, 1017 Wilkinson Street, Mandeville, LA  70448.

                                \_\_\_\_/s/ Gary L. Hanes\_\_ \_\_\_\_\_
                                  GARY L. HANES