UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**THERONE MAGEE**                                      **CIVIL ACTION**

**VERSUS**                                             **NO: 14-1554**

**WALTER REED, ET AL**                                 **SECTION: "H"(1)**


### ORDER AND REASONS

Before the Court are two Motions to Dismiss: one filed by Defendants Ronald Gracianette and Jason Cuccia (Doc. 26) and one filed by Defendant Walter Reed (Doc. 27).  For the following reasons, Defendants Ronald Gracianette and Jason Cuccia's Motion is **GRANTED IN PART,** and Defendant Walter Reed's Motion is **DENIED**.


### BACKGROUND

Plaintiff Therone MaGee's pro se complaint alleges that St. Tammany law enforcement officials worked together to violate his civil rights. Specifically, he alleges that he was targeted with false charges of drug offenses because of his race.  Although he was ultimately acquitted on these charges, he spent two years in jail during the pendency of trial. He alleges that Defendants conspired unlawfully to detain him in deprivation of his rights. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and Louisiana state

1

law for alleged Due Process and Equal Protection violations. He seeks damages for "unlawful arrest, excessive force, extortion, race-based prosecution, and other violations of [his] civil rights."

Defendants Ronald Gracianette and Jason Cuccia ask the Court to dismiss the claims against them in both their individual and official capacities. As to the individual capacity claims against them, these Defendants seek dismissal pursuant to Fed. Rules Civ. Pro 12(b)(2) and 12(b)(5), as they aver that they were not properly served in their individual capacities. As to the official capacity claims against them, Defendants aver that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) on grounds of absolute prosecutorial immunity. Defendant Walter Reed seeks dismissal of the claims against him in his official capacity due to lack of service.

## LEGAL STANDARD

**I. Motion to Dismiss for Improper Service**

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."[1] "In the absence of valid service of process, proceedings against a party are void."[2] The party responsible for serving has the burden of showing that service was valid in the face of a 12(b)(5) challenge.[3]

---

[1] *Wallace v. St. Charles Parish Sch. Bd.*, 2005 WL 1155770, at *1 (E.D. La. 2005).
[2] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).
[3] *Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.1990).

Rule 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[4]

Thus, a Court faced with a defendant's Rule 12(b)(5) motion to dismiss for failure to timely serve must undertake a two part inquiry.[5] First, the Court must determine if the plaintiff can show "good cause" for its failure to timely serve. If good cause exists, the Court is required to extend the 90 day period for service of process.[6] "If good cause does not exist, the Court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."[7] "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."[8]

## II. Motion to Dismiss for Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[9] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

---

[4] Fed. R. Civ. P. 4(m).
[5] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[6] *Id.*
[7] *Id.*
[8] *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[10] *Id.*

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[11] The Court need not, however, accept as true legal conclusions couched as factual allegations.[12]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[13] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[14] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[15]

## LAW AND ANALYSIS

As noted above, there are two Motions to Dismiss pending before the Court in this matter. The Court will address each in turn.

**I. Motion to Dismiss filed by Ronald Gracianette and Jason Cuccia**

Defendants Ronald Gracianette and Jason Cuccia seek dismissal of the claims against them in their individual capacity for improper service. They further seek dismissal of the official capacity claims against them on grounds of absolute prosecutorial immunity. The Court will address these arguments for dismissal separately.

---

[11] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[12] *Iqbal*, 556 U.S. at 667.
[13] *Id.*
[14] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[15] *Lormand*, 565 F.3d at 255–57.

**B. Sufficiency of Service of Individual Capacity Claims**

Defendants Gracianette and Cuccia first aver that the individual capacity claims against them should be dismissed for insufficient service of process. As noted above, the party responsible for service has the burden of showing that it was valid in the face of a 12(b)(5) challenge.[16] Plaintiff's opposition fails to address the affidavits of Defendants Gracianette and Cuccia, which indicate that service was not properly effected upon them in their individual capacities. Rule 4(e) of the Federal Rules of Civil Procedure indicates that service may be made by either delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individuals dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[17] Service may also be made according to the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where services is made.[18]

Defendants contend that the summons and complaint was merely left with the receptionist at their office. Though they do not appear to dispute that this action is sufficient to effect service on them in their official capacities, they contend that they have never been properly served in their individual capacities. This Court agrees. Because neither Defendant has appointed an agent for the service of process, service may only be made upon them in their

---

[16] *Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).
[17] Fed. R. Civ. Pro. 4(e).
[18] *Id.*

individual capacity through personal or domiciliary service. This was not done. Plaintiff has likewise failed to show good cause for this failure to timely effect service more than a year after the initiation of this suit. Accordingly, pursuant to Rule 12(b)(5), Plaintiff's individual-capacity claims against Gracianette and Cuccia are dismissed.[19]

### A. Absolute Prosecutorial Immunity

Defendants Gracianette and Cuccia next seek dismissal of the official capacity claims against them on grounds of absolute prosecutorial immunity. This argument is based on a misunderstanding of the role of absolute prosecutorial immunity. Generally speaking, an official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent."[20] "Unlike government officials sued in their individual capacities, municipal entities and local governing bodies do not enjoy immunity from suit, either absolute or qualified, under § 1983."[21] Accordingly, absolute prosecutorial immunity does not apply to official-capacity suits against district attorneys, and cannot be invoked to support dismissal of the official-capacity

---

[19] The Court notes that even if service were effected on Gracianette and Cuccia in their personal capacities, these claims would likely not survive an application of the doctrine of absolute immunity. Prosecutors are protected from suit in their individual capacity when acting in their role as an advocate for the state. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997). Plaintiff's claims regarding Gracianette and Cuccia are limited to their conduct in prosecuting his case, which would entitle them to absolute immunity from suit in their individual capacities.

[20] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

[21] *Burge v. Par. of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999) (finding that district attorney was not entitled to absolute prosecutorial immunity in an official capacity suit). *See also Johnson v. Louisiana,* No. 09-55, 2010 WL 996475, at *10 (W.D. La. Mar. 16, 2010) (collecting cases).

claims in this matter.[22] Defendants' Motion is therefore denied with respect to Plaintiff's official-capacity claims.

## II. Walter Reed's Motion to Dismiss Official Capacity Claims

Defendant Walter Reed has likewise filed a Motion to Dismiss seeking dismissal of Plaintiff's official capacity claims against him because he has not been served in this matter. Plaintiff responds, asserting that he has been unable to obtain an accurate address at which to serve Mr. Reed, and has requested additional time in which to serve Defendant. He has further indicated that the St. Tammany Parish District Attorney's Office has repeatedly declined to accept service on behalf of Walter Reed in his official capacity. Accordingly, the Court is satisfied that Plaintiff has presented good cause for his failure to timely effect service, and will grant an additional 60 days from the entry of this order within which to effect service.

The Court further notes that it appears that Plaintiff has experienced difficulty understanding the nuanced nature of service of process. Accordingly, this matter is referred to the Magistrate Judge for consideration of whether appointment of counsel to represent Plaintiff is warranted.

## CONCLUSION

For the forgoing reasons, Defendants Gracianette and Cuccia's Motion to Dismiss is **GRANTED IN PART,** and Defendant Walter Reed's Motion to Dismiss is **DENIED**. Plaintiff's claims against Gracianette and Cuccia in

---

[22] *Burge*, 187 F. 3d at 466.

their personal capacities are **DISMISSED**. All other claims are maintained at this time.

**IT IS FURTHER ORDERED** that this matter is referred to the Magistrate Judge for consideration of whether appointment of counsel to represent Plaintiff in this matter is warranted.

New Orleans, Louisiana this 4th day of May, 2016.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**