UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THERONE MAGEE                              *
                                           *
                                           *
VERSUS                                     *     CIVIL ACTION NO:  14-1554
                                           *
DISTRICT ATTORNEY WALTER P.                *     SECTION:          "H"
REED, ST. TAMMANY PARISH                   *
RODNEY STRAIN, ADA RONNIE                  *     MAGISTRATE:       01
GRACIANETTE, ADA JASON CUCCIA,             *
ST. TAMMANY PARISH DISTRICT                *
ATTORNEY'S OFFICE, ST. TAMMANY             *
PARISH SHERIFF'S OFFICE, DEPUTIES          *
JOHN AND JANE DOES, ABC INS. CO.           *
* * * * * * * * * * * * * * * * * * * * * * * * *

## AFFIRMATIVE DEFENSES AND ANSWER ON BEHALF OF RONALD T. GRACIANETTE, IN HIS OFFICIAL CAPACITY, AND JASON CUCCIA, IN HIS OFFICIAL CAPACITY

NOW INTO COURT, through undersigned counsel, come Ronald T. Gracianette and

Jason Cuccia, in their official capacities as Assistant District Attorneys for the 22nd Judicial

District Attorney's Office, who deny each and every allegation of the Complaint (Rec. Doc. 1)

and First Amended Complaint (Rec. Doc. 5) filed herein, pleadings which are in fact identical in

substance, except as hereinafter specifically admitted, and further respectfully represent:

### FIRST DEFENSE

Defendants assert the defenses of absolute and/or qualified immunity.  Defendants each

plead both aspects of qualified immunity with respect to Plaintiff's claims – that being immune

from suit and being immune from liability.

## SECOND DEFENSE

Defendants assert that they acted in a reasonable and proper manner, in good faith and fully complied with all legal duties imposed upon them by law.

## THIRD DEFENSE

Plaintiff's Complaint and First Amended Complaint fail to allege a cause of action upon which he is entitled to relief, including failure to state a constitutional violation herein.

## FOURTH DEFENSE

This Honorable Court lacks jurisdiction over the subject matter of this case.

## FIFTH DEFENSE

Defendants assert the affirmative defense of prescription.  Plaintiff's Complaint and First Amended Complaint raise claims adverse to Defendants Gracianette and Cuccia which are barred by the applicable statute of limitations and/or state law prescriptive periods.

## SIXTH DEFENSE

Defendants assert the affirmative defense of failure to mitigate any damages that Plaintiff may have suffered, despite a legal duty to do so.

## SEVENTH DEFENSE

Defendants assert that Plaintiff's damages, if any, were caused and/or contributed to by the fault of third parties over whom they exercised no authority, jurisdiction or control, and for whose actions and/or omissions they are not legally obligated.

## EIGHTH DEFENSE

Defendants plead the provisions of Louisiana Revised Statute 13:5101, et seq. and Louisiana Revised Statute 9:2798.1.

## NINTH DEFENSE

Defendants assert that they did not participate in the decision to arrest and/or detain Plaintiff.  Defendants assert that they acted at all times within their legal authority as prosecutors, and their actions were taken in good faith, without malice, with reasonable belief that their actions were constitutional in nature and without any intention to harm Plaintiff.

## TENTH DEFENSE

As to any official capacity claims, an isolated incident such as alleged herein is insufficient to support the cause of action.

## ELEVENTH DEFENSE

None of the acts and/or actions by the Defendants support any type of valid *Monell* claim in this matter.  *Monell v. New York City Dept. of Social Services*, 36 U.S. 658 (1978).

## TWELFTH DEFENSE

There is no policy or custom as required for official liability pursuant to 42 U.S.C. § 1983.

## THIRTEENTH DEFENSE

Plaintiff cannot meet his burden of showing that under 42 U.S.C. § 1983 a "direct causal link" between any municipal action or omission and the deprivation of any federal rights, any deprivation of which is specifically denied.

FOURTEENTH DEFENSE

None of the actions and/or omissions by the Defendants warrant a finding of vicarious liability and they do not support a claim under the theory of *respondeat superior* pursuant to state law.

FIFTEENTH DEFENSE

Defendants plead the comparative fault of Plaintiff and/or other entities who are not parties to this instant matter. Defendants further assert as an affirmative defense the contributory negligence and/or intentional misconduct and/or assumption of the risk by Plaintiff.

SIXTEENTH DEFENSE

Defendants submit that Plaintiff's claims are frivolous, groundless, and unreasonable. As such, Defendants are entitled to an award against the Plaintiff for all attorney's fees and costs incurred in the defense of this case.

SEVENTEENTH DEFENSE

Pursuant to Federal Rules of Civil Procedure Rule 10(c), Defendants adopt by reference all defenses and affirmative defenses of other parties here that seek to defeat or diminish Plaintiff's claims to the extent those defenses and affirmative defenses are consistent with the facts and circumstances pertinent to Defendants.

EIGHTEENTH DEFENSE

Defendants specifically reserve the right to plead and assert any and all additional defenses that may become evident after further discovery and investigation have been

conduction, and further declare their intention to avail themselves of all constitutional, statutory, and jurisprudential defenses legally and factually available to them.

NOW FURTHER ANSWERING:

1.

The allegations in Plaintiff's opening, unnumbered paragraph are denied as they contain, and/or call for, a substantive issue of law and/or fact.

2.

The allegations of paragraph 1 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

3.

The allegations of paragraph 2 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

4.

There is no paragraph 3 of Plaintiff's Complaint and First Amended Complaint.

5.

The allegations of paragraph 4 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

6.

The allegations of paragraph 5 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

7.

The allegations of paragraph 6 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

8.

The allegations of paragraph 7 of the Complaint and First Amended Complaint do not require an answer from Defendants, but insofar as may be required, are denied as they contain, and/or call for, a substantive issue of law and/or fact.

9.

The allegations of paragraph 8(A)(B)(C)(D)(E)(F)(G) and (H) of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

10.

The allegations of paragraph 9 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of paragraph 10 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

12.

The allegations of paragraph 11 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

13.

The allegations of paragraph 12 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

14.

The allegations of paragraph 13 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

15.

The allegations of paragraph 14 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

16.

The allegations of paragraph 15 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 16 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

18.

The allegations of paragraph 17 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

19.

The allegations of paragraph 18 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

20.

The allegations of paragraph 19 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

21.

The allegations of paragraph 20 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

22.

The allegations of paragraph 21 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

23.

The allegations of paragraph 22 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of paragraph 23 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of paragraph 24 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

26.

The allegations of paragraph 25 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of paragraph 26 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of paragraph 27 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of paragraph 28 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

30.

The allegations of paragraph 29 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

31.

The allegations of paragraph 30 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of paragraph 31 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of paragraph 32 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of paragraph 33 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

35.

The allegations of paragraph 34 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

36.

The allegations of paragraph 35 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of paragraph 36 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

38.

The allegations of paragraph 37 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

39.

The allegations of paragraph 38 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

40.

The allegations of paragraph 39 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of paragraph 40 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

42.

The allegations of paragraph 41 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

43.

The allegations of paragraph 42 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

44.

The allegations of paragraph 43 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.  The court records are the best evidence to establish a belief therein.

45.

The allegations of paragraph 44 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.  The court records are the best evidence to establish a belief therein.

46.

The allegations of paragraph 45 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact. The court records are the best evidence to establish a belief therein.

47.

The allegations of paragraph 46 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

48.

The allegations of paragraph 47 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

49.

The allegations of paragraph 48 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

50.

The allegations of paragraph 49 of the Complaint and First Amended Complaint are specifically and expressly denied as they related to Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities.  As they relate to other parties, the allegations of paragraph 49 are denied as they contain, and/or call for, a substantive issue of law and/or fact.

51.

The allegations of paragraph 50 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.  It is specifically and expressly denied that Plaintiff is entitled to any damages from Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities.

52.

The allegations of paragraph 51 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

53.

The allegations of paragraph 52 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

54.

The allegations of paragraph 53 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

55.

The allegations of paragraph 54 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

56.

The allegations of paragraph 55 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

57.

The allegations of paragraph 56 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

58.

The allegations of paragraph 57 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

59.

The allegations of paragraph 58 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

60.

The allegations of paragraph 59 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

61.

The allegations of paragraph 60 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

62.

The allegations of paragraph 61 of the Complaint and First Amended Complaint do not require an answer from Defendants, but insofar as may be required, are denied as they contain, and/or call for, a substantive issue of law and/or fact.

63.

The allegations of paragraph 62 of the Complaint and First Amended Complaint do not require an answer from Defendants, but insofar as may be required, are denied as they contain, and/or call for, a substantive issue of law and/or fact.

64.

The allegations of paragraph 63 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.  Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities, specifically and expressly deny that

they violated Plaintiff's constitutional rights whether alone or in concert with any other party, or that they conspired in any way to violate Plaintiff's constitutional rights.

65.

The allegations of paragraph 64 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

66.

The allegations of paragraph 65 of the Complaint and First Amended Complaint are specifically and expressly denied as they related to Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities.  As they relate to other parties, the allegations of paragraph 65 are denied as they contain, and/or call for, a substantive issue of law and/or fact.

67.

The allegations of paragraph 66 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

68.

The allegations of paragraph 67 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

69.

The allegations of paragraph 68 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

70.

The allegations of paragraph 69 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

71.

The allegations of paragraph 70 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

72.

The allegations of paragraph 71 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

73.

The allegations of paragraph 72 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

74.

The allegations of paragraph 73 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

75.

The allegations of paragraph 74 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

76.

The allegations of paragraph 75 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

77.

The allegations of paragraph 76 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

78.

The allegations of paragraph 77 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

79.

The allegations of paragraph 78 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

80.

The allegations of paragraph 79 of the Complaint and First Amended Complaint are specifically and expressly denied as they related to Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities.  As they relate to other parties, the allegations of paragraph 79 are denied as they contain, and/or call for, a substantive issue of law and/or fact.

81.

The allegations of paragraph 80 of the Complaint and First Amended Complaint are specifically and expressly denied as they related to Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities.  As they relate to other parties, the allegations of paragraph 80 are denied as they contain, and/or call for, a substantive issue of law and/or fact.

82.

The allegations of paragraph 81 of the Complaint and First Amended Complaint are specifically and expressly denied as they related to Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities.  Further, Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities, specifically and expressly deny that they violated Plaintiff's constitutional rights whether alone or in concert with any other party, or that they conspired in any way to violate Plaintiff's constitutional rights.   As they relate to other parties, the allegations of paragraph 81 are denied as they contain, and/or call for, a substantive issue of law and/or fact.

83.

The allegations of paragraph 82 of the Complaint and First Amended Complaint are specifically and expressly denied as they related to Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities.  As they relate to other parties, the allegations of paragraph 82 are denied as they contain, and/or call for, a substantive issue of law and/or fact.

84.

The allegations of paragraph 83 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

85.

The allegations of paragraph 84 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

86.

The allegations of paragraph 85 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

87.

The allegations of paragraph 86 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.  It is specifically and expressly denied that Plaintiff is entitled to any damages from Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities.

88.

The allegations of paragraph 87 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.  It is specifically and expressly denied that Plaintiff is entitled to any damages from Defendants Ronald T. Gracianette and Jason Cuccia, in their official capacities.

89.

The allegations of paragraph 88 of the Complaint and First Amended Complaint are denied as they contain, and/or call for, a substantive issue of law and/or fact.

90.

The allegations of paragraph 89 of the Complaint and First Amended Complaint do not require an answer from Defendants.

AND NOW FURTHER RESPONDING to Plaintiff's Complaint and First Amended Complaint:

91.

Defendants Ronald T. Gracianette, in his official capacity, and Jason Cuccia, in his official capacity requests a trial by jury herein as to all matters properly tried thereby.

WHEREFORE, Defendants, Ronald T. Gracianette, in his official capacity, and Jason Cuccia, in his official capacity, pray that this Answer be deemed good and sufficient and after all due proceedings are had, that there be judgment herein dismissing the claims of Plaintiff, Therone Magee, and for all other general and equitable relief as this Court deems proper.

Respectfully submitted:

BY:    *s/ Emily G. Couvillon*
       **EMILY G. COUVILLON (31114)**
       701 N. Columbia Street
       Covington, Louisiana  70433
       Telephone:  (985) 809-8383
       Facsimile:   (985) 809-8365
       ecouvillon@22da.com
       Counsel for Ronald T. Gracianette and
       Jason Cuccia, in their official capacities

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that I have on this 17th day of May 2016, served a copy of the foregoing pleading upon known counsel for all parties to this proceeding via electronic transmission with the Clerk of Court through the CM/ECF filing system and by mailing same via United States Mail, properly addressed and postage prepaid, to the following non-CM/ECF participant:  Therone Magee, 1017 Wilkonson Street, Mandeville, LA 70448.

*s/ Emily G. Couvillon*
**EMILY G. COUVILLON**
