**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **THERONE MAGEE** | * | **CIVIL RIGHTS ACTION** |
| | * | **NO. 14-1554** |
| **Plaintiff,** | * | |
| **vs.** | * | |
| | * | |
| **WALTER P. REED, ADA RONALD** | * | |
| **GRACIANETTE, ADA JASON** | * | **SECTION: "H" (2)** |
| **CUCCIA, ST. TAMMANY PARISH** | * | |
| **DISTRICT ATTORNEY'S OFFICE, ST.** | * | |
| **TAMMANY SHERIFF RODNEY** | * | |
| **STRAIN, CHRISTOPHER COMEAUX,** | * | |
| **DEPUTIES JOHN AND JANE DOE,** | * | |
| **ABC INSURANCE COMPANIES** | * | **JURY TRIAL** |
| | * | |
| **Defendants.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

**SECOND AMENDED AND FIRST SUPPLEMENTAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Therone Magee ("Mr. Magee"), a person of the full age of majority domiciled in Eastern District of Louisiana, who alleges as follows:

## I. JURISDICTION AND VENUE

1. This action alleges violations of rights under 28 U.S.C. §§ 1331, 1337, 1343(a), and 1367(a), and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Thus, the predominant action herein gives rise to the jurisdiction in this Court pursuant to 28 U.S.C. §1331.

2. Furthermore, there exist additional state causes of action that arise out of the same transaction or occurrence as the underlying federal cause of action, and this Court has ancillary jurisdiction over these counts pursuant to 28 U.S.C. §1367.

3. Venue in the United States Court for the Eastern District of Louisiana is proper under 28 U.S.C. § 1391(b), as the violations and actions took place in St. Tammany Parish.

## II. PARTIES

4. Plaintiff, **Therone Magee**, a person of the age of majority and a resident of the Parish of St. Tammany in the Eastern District of Louisiana.

5. Defendants:

A. **Walter P. Reed**, the former District Attorney for the Parish of St. Tammany, in both his individual and official capacity, who did maliciously prosecute Mr. Magee because of his race as an African-American male, and with deliberate indifference implemented unlawful policies and procedures such that he allowed and directed the violations of the rights alleged herein,

B. **Ronald Gracianette**, Assistant District Attorney of the District Attorney's Office for the Parish of St. Tammany, in both his individual and official capacity, who did maliciously prosecute Mr. Magee because of his race as an African-American male with deliberate indifference under the direction of co-defendant Walter P. Reed,

C. **Jason Cuccia**, Assistant District Attorney of the District Attorney's Office for the Parish of St. Tammany, in both his individual and official capacity, who did maliciously prosecute Mr. Magee because of his race as an African-American male with deliberate indifference under the direction of co-defendant Walter P. Reed,

D. **Sheriff Rodney "Jack" Strain**, in his official capacity as the Sheriff of St. Tammany Parish, State of Louisiana, who at all times pertinent hereto acted with deliberate indifference, implemented and/or allowed unlawful policies and procedures, failed to adequately train, or failed to organize and control his office and the officers such that he allowed violations of the rights alleged herein.

E. **Christopher Comeaux,** a Deputy of the St. Tammany Parish Sheriff's Office, in both his individual and official capacity, who did retaliate against Mr. Magee through false detention and arrest, in violation of his rights as alleged herein, including his First Amendment rights,

F. **John Doe and Jane Doe**, natural persons including judicial officers and attorneys, who have not been identified by name, but who did conspire with co-defendants to retaliate and to violate Mr. Magee's rights as alleged herein under the United States Constitution, including but not limited to violations of 42 U.S.C. § 1983, *et seq*, and 18 U.S.C. 1961-1968 as well as his rights under the Constitution of the State of Louisiana,

G. **St. Tammany Parish Sheriff's Office**, which at all times pertinent hereto implemented and/or allowed unlawful policies and procedures, failed to adequately train, or failed to organize and control its officers such that it allowed violations of the rights alleged herein, and

H. **ABC Insurance Companies**, upon information and belief foreign corporations, licensed to do and doing business in the State of Louisiana,

which at all times pertinent hereto did provide to various co-defendants policies of insurance covering their activities and those of their employees and agents.

## III. STATEMENT OF FACTS

6. On or about April 23, 2011, several officers from the St. Tammany Parish Sheriff's Office allegedly conducted an undercover operation wherein they contacted a known Hispanic male to meet and purchase narcotics.

7. Upon information and belief the Hispanic male suspect was reported to have been distributing narcotics in this area.

8. The Hispanic male suspect was contacted several times for this narcotic transaction and arrived at the scene of the alleged undercover operation. Soon thereafter a narcotics transaction was allegedly completed.

9. Upon information and belief, after the alleged narcotics transaction, no arrest or questioning whatsoever was made by any officer of any Hispanic male suspect or any other suspect/individual on April 23, 2011.

10. Mr. Magee is African-American and is not a Hispanic male and does not look like a Hispanic male as described by the undercover operation initial reporting.

11. Several hours after the alleged narcotic transaction, Stephens showed a single photo of Mr. Magee to the undercover officer and/or confidential informant to implicate Mr. Magee. In fact, Stephens did not even show the undercover officer and/or confidential informant a photo of the Hispanic male suspect allegedly making the transaction.

12. Officers of the St. Tammany Parish Sheriff's Office changed the target of their investigation from the known Hispanic male to a "known black" male.

13. On or about May 13, 2011, a warrant was issued by the Hon. Allison Penzato of the Twenty-Second Judicial District Court of Louisiana for the arrest of Mr. Magee based on the Affidavit of Detective Brandon Stephens ("Stephens") of the St. Tammany Parish Sheriff's Office, despite the fact that there was a lack of evidence and probable cause to back up this Affidavit.

14. Despite having obtained a warrant, no St. Tammany Parish Sheriff's Officer arrested Mr. Magee for several months.

15. Upon information and belief, officers from the St. Tammany Parish Sheriff's Office were routinely attempting to "bait" Mr. Magee into illegal activity through the use of confidential informants and other inmates in their custody and control.

16. On August 19, 2011 several officers from the St. Tammany Parish Sheriff's Office were still observing and following Mr. Magee. They suspected him to be engaging in illegal activity and pulled him over to finally make their arrest on the May 13, 2011 warrant.

17. I hired James E. Moorman, III, based on advice as to his relationship with District Attorney Walter Reed, to meet with Reed and the St. Tammany District Attorney officers to discuss the lack of evidence and allegations of this case.

18. Mr. Moorman also represented Mr. Ronald Chow and Ms. Theresa Chow who were also being prosecuted by the St. Tammany District Attorney Office.

19. Mr. Moorman and Mr. Reed met in an attempt to negotiate a "swap-out" wherein Mr. Reed would offer Ms. Chow a deal from five (5) years to no time and Mr. Chow a deal from

fifteen (15) years if Mr. Moorman would get his "black" client, Mr. Magee, to accept sixty (60) years.

20. Mr. Moorman has been suspended from the practice of law in Louisiana since 2013. *In re Moorman*, 2013-2430 (La. 10/21/13), 128 So. 3d 268.

21. Mr. Moorman represented Mr. Magee for about two months before he retained Rachael Yazbeck and Tim Yazbeck for his defense. This came at a considerable cost to Mr. Magee and his family as he sat in jail while his first son was born.

22. Rachael Yazbeck and Tim Yazbeck met with ADA Ronald Gracianette who informed that he was not able hear any other reasoning or offer on any deal other than sixty (60) years.

23. Finally, Rachael Yazbeck and Tim Yazbeck were able to meet with District Attorney Reed to discuss the unreasonableness of the District Attorney's Office prosecution.

24. In the meeting with Rachael Yazbeck and Tim Yazbeck, District Attorney Reed inquired as to whether Mr. Magee was an African-American defendant. When Mr. Magee's counsel confirmed he was, in fact, African-American. Based on that, District Attorney Reed informed Mr. Magee's counsel that he can take sixty (60) years or he will be found guilty and get a life sentence.

25. Mr. Magee engaged several members of the community to contact the St. Tammany District Attorney's Office in order to make the District Attorney aware of his innocence. Mr. Magee's several attempts, and those others on his behalf, to reach the prosecutors were rejected at all turns.

26. The St. Tammany Parish District Attorney's Office proceeded to trial against Mr. Magee on July 8, 2013.

27. The St. Tammany Parish jury, composed of ten white jurors and two black jurors, found Mr. Magee not guilty on all charges nearly two years after Mr. Magee's August 19, 2011 arrest. Mr. Magee had endured extended time incarcerated and away from his family and newborn son.

28. The named defendants herein exercised a pattern of maliciously prosecuting African-American individuals like Mr. Magee during this time in violation of his Civil Rights.

29. On July 3, 2014, Mr. Magee filed his Original Complaint in this case *pro se*.

30. Since his exoneration in 2013, and specifically since the filing of this civil suit exercising his rights in this Court, Mr. Magee has faced continued harassment and retaliation from the defendants.

31. Upon information and belief, the St. Tammany Sheriff's Office has again attempted to "bait" or entrap Mr. Magee into committing illegal activity on several occasions.

32. On February 14, 2016 Mr. Magee and his girlfriend, Skylar Landor, borrowed a friend's car and were travelling to a family members wedding.

33. At this time, Mr. Christopher Comeaux ("Comeaux"), a St. Tammany Parish Sheriff Narcotic's Officer, was again following Mr. Magee. Without cause, Comeaux pulled Mr. Magee over and began to question him and Ms. Landor.

34. At some point Comeaux instructed Mr. Magee and Ms. Landor out of the vehicle and Mr. Magee instructed Ms. Landor "to call his attorney for help." Comeaux then told Ms.

Landor to hang the phone up and threatened to shoot Ms. Landor by pointing a taser-gun at her with a laser activated. Ms. Landor was pregnant at the time.

35. Comeaux detained both Mr. Magee and Ms. Landor and began a destructive search of the vehicle having received no permission to do so from anyone.

36. Comeaux asked if Mr. Magee stole the vehicle. Mr. Magee said he did not and he and Ms. Landor provided the phone number of the vehicle's owner. Comeaux called the owner who confirmed she had loaned Mr. Magee the vehicle. Comeaux then asked the owner if she would like to instead report the vehicle stolen. The owner declined and Comeaux then told the owner she had "five-minutes" to get to the scene to retrieve her vehicle or else he would impound the vehicle.

37. The vehicle's owner arrived soon thereafter and, instead of turning the vehicle over to the owner, Comeaux brought the vehicle owner aside to interrogate her about Mr. Magee. Comeaux asked the owner again, roughly five more times, whether she would like to change her story to report her vehicle stolen by Mr. Magee. The owner continued to refuse despite Comeaux's intimidating tactics at the scene.

38. Comeaux then asked what the owner knew about Mr. Magee's civil lawsuit against the St. Tammany Sheriff's Office. The owner replied that she did not know anything.

39. Comeaux also made references to Mr. Magee's civil suit to Mr. Magee and Ms. Landor while they were in his custody.

40. Eventually, Comeaux returned the vehicle to the owner and, upon inspection, the owner noted the significant damage done to the vehicle.

41. Comeaux informed the owner that he discovered a small amount of marijuana inside of a parking brake panel and any damage "is [her] problem."

42. Comeaux charged Ms. Landor with possession of marijuana – first offense (La. R.S. 40:966E(1)(a)(i) and let her go with the vehicle's owner.

43. Comeaux charged Mr. Magee with possession of marijuana – first offense (La. R.S. 40:966E(1)(a)(i), battery of a police officer (La. R.S. 14:34.2), operating on a suspended license, and not coming to a complete stop at a stop sign in a misdemeanor bill of information. Comeaux also charged Mr. Magee with resisting an officer with force or violence (La. R.S. 14:108.2) in a felony bill of information.

44. Mr. Magee spent about one week in the St. Tammany Parish jail because of Comeaux and the Sheriff's Office practices and because of their retaliatory conduct in relation to this incident.

45. Mr. Magee is currently being prosecuted for these charges by the St. Tammany District Attorney's Office in front of the Hon. Allison Penzato of the Twenty-Second Judicial District Court of Louisiana.

46. Mr. Magee's criminal attorney, Ms. Rachael Yazbeck, has recently filed a motion for recusal of the St. Tammany Parish District Attorney's Office in Judge Penzato's court. That Motion is pending as of the date of this filing.

47. Mr. Magee feels completely restrained from going in public for fear of continued acts of retaliation and harassment for exercising his rights to the civil courts.

48. His ability to effectively participate in his representation, not to mention everyday freedoms, has been severely chilled by the defendants' actions.

49. The previous, and continued, action and practices of the defendants, and those who may be named later, have violated Mr. Magee's Civil Rights. He has lost significant monies and suffered significant hardships in relationships with his son, family, and friends.

50. Mr. Magee seeks all compensation, penalties, attorney fees, and cost which he is entitled to under federal and state law for the damages and injuries inflicted upon him by the defendants in this lawsuit.

## IV. COUNTS

### COUNT I – § 1983 CAUSES OF ACTION

51. Plaintiff repeats, re-alleges, and incorporates by reference the allegations above as fully set-forth herein. At all times relevant, the conduct of all defendants were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988.

52. Defendants assaulted, falsely detained, and charged Mr. Magee in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Defendants' unlawful actions under color of law, and having made a custodial arrest, defendants did inflict serious, permanent injuries upon Plaintiff.

53. The defendants acted with deliberate indifference in committing unlawful and unconstitutional acts against Plaintiff. Oftentimes, the defendants acted in combination and in concert in furtherance of their unlawful actions. Furthermore, the Fourth, Fifth, Eighth, and Fourteenth Amendments in this regard is clearly established so as to defeat any purported police defendants' qualified immunity for state law claims.

### COUNT II - ENUMERATED § 1983 VIOLATIONS

54. Mr. Magee repeats, re-alleges, and incorporates by reference the allegations in

paragraphs above with the same force and effect as if set forth herein.

55. At all times relevant herein, the conduct of all defendants were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988.

56. Acting under the color of law, defendants worked a denial of Mr. Magee's rights, privileges, and immunities secured by the United States Constitution and by Federal law, including but not limited to the violations enumerated immediately below.

57. Defendants Concerted Unlawful and Malicious Subsequent Arrests and Charges which deprived Mr. Magee of both his liberty without due process of law and his right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

58. Concerted Unlawful and Malicious Sequential Detention and Confinement which deprived Mr. Magee of both his liberty without due process of law and his right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

59. Sheriff Rodney "Jack" Strain, the St. Tammany Parish Sheriff's Office, and Its Deputies for Refusing or Neglecting to Prevent defendant officers under the Sheriff's or Office's control, from violating the rights, privileges, and immunities of Mr. Magee as set forth in the facts above or for neglect in preventing the deprivation of Mr. Magee's rights and liberty. Due course of justice was impeded and equal protection of the law was not afforded to Mr. Magee in violation of the United States Constitution and its Amendments.

60. Sheriff Rodney "Jack" Strain, the St. Tammany Parish Sheriff's Office and Its Deputies, for Malicious Prosecution and co-conspiring of defendant officers under this control, in violating the rights, privileges, and immunities of Mr. Magee as set forth in the facts above or for neglect in preventing the deprivation of Mr. Magee's rights and liberty. Due course of justice was impeded and equal protection of the law was not afforded to Mr. Magee in violation of the United States Constitution and its Amendments.

**COUNT III – § 1983 CONSPIRACY CAUSE OF ACTION**

61. All defendants acted in combination and in concert, and in whose "deliberate indifference in not preventing these acts," combined with the willful acts of his deputies acting in concert and conspiracy with the District Attorney, thereby allowing the commission of these unlawful acts of illegally detaining, arresting, extorting, and violating Mr. Magee's various constitutional rights.

62. As a result of defendants' conspiracy to commit illegal acts against Mr. Magee, they are liable to plaintiff per 42 U.S.C. §1983 as well as 42 U.S.C. §1988 for attorneys' fees.

**COUNT IV – § 1983 LIABILITY OF DEFENDANTS**

63. Walter P. Reed, St. Tammany District Attorney's Office and Various Officers, Sheriff Rodney "Jack" Strain, St. Tammany Sheriff's Office and Various Officers and John and Jane Does violated Mr. Magee's rights, rights that are expressly guaranteed and protected under *Holly Ray Burns v. Sheriff Rodney Jack Strain, et al.* [No. 07-30837, 14 January 2008], *Monell v. New York City Dept of Social Services*, 436 U.S. 658, *City of Canton v. Harris,* 489 U.S. 387, *McMillian v. Monroe County*, 520 U.S. 781, *Bryan County Comm'r v. Brown*, 520 U.S. 397*, and Burge v. St Tammany* 187 F 3d. 452, C.A. 5 (La.) 1999, *State v. Tate* 171 So. 108, *Perez*, 454 So.2d 806, *Bush I*, 538 So.2d 606, and *Bush II*, 541 So.2d 903.

64. Walter P. Reed, the St. Tammany District Attorney's Office and various officers, Sheriff Rodney "Jack" Strain, the St. Tammany Sheriff's Office and various officers and John and Jane Does are responsible for the acts and omissions of the employees and are liable for the activities of its agents, who are not employees.

65. At all times pertinent hereto, the defendants were acting under color of law, statutes, customs, policies, ordinances and usages of the State of Louisiana, the Parish of St. Tammany, and Walter P. Reed, the St. Tammany District Attorney's Office and various officers, Sheriff Rodney "Jack" Strain, the St. Tammany Sheriff's Office and various officers and John and Jane Does.

66. At all times pertinent hereto, Walter P. Reed, the St. Tammany District Attorney's Office and various officers, Sheriff Rodney "Jack" Strain, the St. Tammany Sheriff's Office and various officers and John and Jane Does failed to adopt sufficient policies to deter or prevent the violating of Magee's Civil Rights.

67. At all times pertinent hereto, Walter P. Reed, the St. Tammany District Attorney's Office and various officers, Sheriff Rodney "Jack" Strain, the St. Tammany Sheriff's Office and various officers and John and Jane Does failed to develop and/or maintain a custom or policy to identify, discipline, rehabilitate and/or retrain its police officers who violated Magee's Civil Rights.

68. At all times pertinent hereto, Walter P. Reed, the St. Tammany District Attorney's Office and various officers, Sheriff Rodney "Jack" Strain, the St. Tammany Sheriff's Office and various officers and John and Jane Does negligently hired and retained ADAs and police officers who violated criminal suspects' Civil Rights.

69. The illegal and unconstitutional policies and procedures of the department were the driving force of the deprivation of Mr. Magee's rights.

70. Furthermore, through improper training, improper hiring, negligent retention, ineffective internal policies, ignoring patterns and practices of abuse, these defendants were deliberately indifferent to said policies and procedures leading to Mr. Magee's rights being violated.

71. Also, Walter P. Reed, the St. Tammany District Attorney's Office and various officers, Sheriff Rodney "Jack" Strain, the St. Tammany Sheriff's Office and various officers and John and Jane Does and their co-defendants used the policy and procedure to engage in illegal activities to illegally secure charges, including but not limited to those described in the above paragraphs, in violation Mr. Magee's federal and state rights.

72. The St. Tammany District Attorney's Office and various officers, Sheriff Rodney "Jack" Strain, Chris Comeaux, the St. Tammany Sheriff's Office and various officers and John and Jane Does and their co-defendants for their harassment and retaliation of Mr. Magee's access to this Court, as described above in paragraphs twenty-nine through fifty, in violation of Mr. Magee's unquestioned First Amendment rights.

73. As a result of their various violations, these defendants are liable to plaintiff pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988.

74. At all times pertinent hereto, defendants acting under color of law, are responsible for the actions and inactions of his subordinates as they relate to the violations of Mr. Magee's Civil rights, in the following non-exhaustive particulars:

- Failure to properly hire, train, discipline and/or supervise the police officers under his command;
- Failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the

Sheriff's Department and the District Attorney's Office;

- Condoning a pattern, practice and/or custom of police officer intimidation and abuse, and by failing to take appropriate and reasonable measures to ensure that the members of the general public are protected from unlawful searches, seizures, and extortion by members of the defendants offices and departments;

75. All of the acts and omissions alleged herein are established customs, policies and practices, which, among others, have the effect of depriving Mr. Magee of his right to due process of law, including freedom from unreasonable searches and seizures, as well as other rights, privileges and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Louisiana, which directly and proximately caused the damages complained of herein.

76. At all times pertinent hereto, defendants were acting within the course and scope of their employment and authority under the color of law, with the liable for the acts of said defendants and/or vicarious liability for all causes and claims stated herein.

77. As a result of their various violations, these defendants are liable to Mr. Magee, pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988.

**COUNT V – LIABILITY OF DISTRICT ATTORNEY AND THE OFFICE**

78. St. Tammany District Attorney, his assistants, and his office violated Mr. Magee's rights as those rights are expressly guaranteed and protected under *Monell v. New York City Dept of Social Services*, 436 U.S. 658, *City of Canton v. Harris*, 489 U.S. 387, *McMillian v. Monroe County*, 520 U.S. 781, *Bryan County Comm'r v. Brown*, 520 U.S. 397, *and Burge v. St. Tammany* 187 F 3d. 452, C.A. 5 (La.) 1999, and *Holly Ray Burns v. Sheriff Rodney Jack Strain, et al.* [No. 07-30837, 14 January 2008].

79. St. Tammany District Attorney, his assistants, and his office have violated their mandate as set forth in the United States Constitution and the 1974 Louisiana Constitution, as articulated expressly in *State v. Tate* 171 So. 108, *Perez*, 454 So.2d 806, *Bush I*, 538 So.2d 606, and *Bush II*, 541 So.2d 903 and have violated that mandate as further defined under *Monell v. New York City Dept of Social Services,* 436 U.S. 658*, City of Canton v. Harris,* 489 U.S. 387*, McMillian v. Monroe County*, 520 U.S. 781, *Bryan County Comm'r v. Brown*, 520 U.S. 397*, and Burge v. St Tammany* 187 F 3d. 452, C.A. 5 (La.) 1999, *State v. Tate* 171 So. 108, *Perez*, 454 So.2d 806, *Bush I*, 538 So.2d 606, and *Bush II*, 541 So.2d 903.

80. By conspiring with the Sheriff's office to obstruct Mr. Magee's rights, and having prosecuted him based on his race as African-American, the District Attorney and Officers have acted well outside of any judicial duties intimately involved with their office and enjoy no immunity for such actions pursuant to *Loupe v. O'Bannon*, No. 15-30535 (5th Cir. May 27, 2016).

81. Mr. Magee seeks the redress of the violations of his Constitutional and Civil Rights, the St. Tammany District Attorney, his assistants, and his office have violated their mandate as set forth in the 1974 Louisiana Constitution, and as articulated—specifically prohibiting a district attorney from being involved or interested in any extrinsic matters, which might consciously or unconsciously impair his power to conduct an accused's trial impartially. *State v. Tate*, Sup.1936, 185 La. 1006, 171 So. 108.

82. In violating their Constitutional mandate, the St. Tammany District Attorney, his assistants, and his office have also deprived and violated Mr. Magee's constitutional and Civil Rights as set forth in *Monell v. New York City Dept of Social Services,* 436 U.S. 658*, City of Canton v. Harris,* 489 U.S. 387*, McMillian v. Monroe County*, 520 U.S. 781, *Bryan County Comm'r v. Brown,* 520 U.S. 397*, and Burge v. St Tammany* 187 F 3d. 452, C.A. 5 (La.) 1999, *State*

*v. Tate* 171 So. 108, *Perez*, 454 So.2d 806, *Bush I*, 538 So.2d 606, and *Bush II*, 541 So.2d 903.

**COUNT VI – DUE PROCESS AND EQUAL PROTECTION VIOLATIONS**

83. By illegally and sequentially arresting, falsely charging, and attempting to deny a good faith prosecution and a right to a fair trial, all color of law officials and district-attorneys defendants violated Mr. Magee's rights to due process and equal protection as set forth by the United States Constitution.

**COUNT VIII – LOUISIANA LAW CLAIMS**

84. Based on the facts stated above, plaintiff hereby asserts various claims under the 1974 Louisiana Constitution and laws of the State of Louisiana including the acts of false arrest, false imprisonment, assault, battery and extortion, malicious prosecution, race-based prosecution, retaliation and others to be named after discovery and before the jury trial on this matter.

85. Based on the facts stated above, co-defendants did knowingly and intentionally, or in the alternative negligently, violate Mr. Magee's rights under Louisiana law.

**DAMAGES**

86. Mr. Magee seeks damages against the defendants pursuant to 42 U.S.C. § 1983, 1985, 1986, for unlawful arrest, excessive force, extortion, race-based prosecution, retaliation and other violations of his Civil Rights and under Louisiana Law as more fully set forth above.

87. Pursuant to this Court's Supplemental Jurisdiction, Mr. Magee seeks damages against the defendants under Louisiana state law for false arrest, battery, extortion, retaliation and other illegal acts as more fully set forth above. Mr. Magee also seeks punitive damages under 42 U.S.C. § 1983, 1985, 1986, and attorneys' fees under 42 U.S.C. §1888.

**REQUEST FOR TRIAL BY JURY**

88. Plaintiff requests a trial by a jury of his peers.

## REQUEST FOR RELIEF

89. Based on the facts stated above, we ask the Court to hear this matter and after it has been heard rule in favor of Plaintiff and against defendants and award such damages as are allowed under federal and state law, including all penalties and fees and costs for bringing this matter and those fees and costs required to defend Mr. Magee in all relative criminal matters.

Respectfully Submitted:

By: /s/ Kenneth Bordes

**Kenneth C. Bordes (Bar #35668)**
**KENNETH C. BORDES,**
**ATTORNEY AT LAW, LLC**
2725 LAPEYROUSE ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM
***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been electronically filed with the Clerk of Court and served on opposing counsel via the CM/ECF system in accordance with LR 5.4 and Fed. R. Civ. P. 5(b)(3) on this 8th day of July, 2016.

/s/ Kenneth Bordes
Kenneth C. Bordes