## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THERONE MAGEE** | * | **CIVIL ACTION NO. 14-1554** |
| | * | |
| **Plaintiff** | * | |
| | * | **SECTION: H** |
| **Versus** | * | |
| | * | |
| **WALTER P. REED, ADA RONALD** | * | **JUDGE:** |
| **GRACIANETTE, ADA JASON CUCCIA,** | * | **JANE TRICHE MILAZZO** |
| **ST. TAMMANY PARISH DISTRICT** | * | |
| **ATTORNEY'S OFFICE, ST. TAMMANY** | * | |
| **SHERIFF RANDY SMITH, BRANDON** | * | **MAGISTRATE JUDGE:** |
| **STEPHENS, CHRISTOPHER COMEAUX,** | * | **JANIS VAN MEERVELD** |
| **DEPUTIES JOHN AND JANE DOE, AND** | * | |
| **ABC INSURANCE COMPANIES** | * | |
| | * | **JURY TRIAL** |
| **Defendants.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER TO FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come Sheriff Randy Smith, in his capacity as Sheriff of St. Tammany Parish, successor in interest to former Sheriff Rodney J. "Jack" Strain, Deputy Christopher Comeaux, and Deputy Brandon Stephens (collectively "Defendants") who in response to Plaintiff's Second Amended and First Supplemental Complaint [R. Doc. 50] and in response to Plaintiff's Fourth Amended Complaint [R. Doc. 59] ("Complaint")[1] respectfully represent as follows:

### FIRST AFFIRMATIVE DEFENSE

This Honorable Court lacks jurisdiction over the subject matter of this case.

---

[1] Defendants note that Plaintiff has not filed a Third Amended and Supplemental Complaint.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint and the previous complaints filed by Plaintiff were untimely filed as to some, if not all, of Plaintiff's claims against Defendants, and therefore are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants, as well as any and all individuals for whose behavior they are or may be legally responsible, acted in a reasonable and proper manner, and fully complied with any and all applicable legal duties and standards of care imposed by law and applicable to them.

## FIFTH AFFIRMATIVE DEFENSE

The actions, if any, of Defendants, as well as any individuals for whose behavior they are or may be legally responsible, were within their legal authority as law enforcement officers and were taken in good faith, without malice, with reasonable cause, with a sincere belief that said actions were legal under laws believed to be constitutional in nature, and without any intention whatsoever to harm Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Defendants specifically aver that, at all relevant times, their conduct and actions were reasonable, justified, and legally permissible under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations, even if proven, do not adequately disclose the deprivation of a protected federal constitutional right.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff's damages, if any, were caused or contributed to by the fault of a person or persons over whom they exercised no authority, jurisdiction or control, and for whose actions and/or conduct they are not legally responsible, including, but not limited to, Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Defendants specifically deny both the extent and measure of damages alleged by Plaintiff in this proceeding, and specifically deny that they are in any manner legally liable for any of that amount.

## TENTH AFFIRMATIVE DEFENSE

To the extent the Complaint may be determined to set out a cause of action in negligence, Plaintiff, by virtue of his own actions and conduct, was guilty of negligence, contributory negligence, intentional misconduct and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages that he may have suffered despite a legal duty to do so.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants deny that they could be liable to Plaintiff in any way other than in their official capacities, as opposed to their status as private individuals.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants plead the affirmative defense of qualified immunity and asserts that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course and scope of their official duties, and that said defense should be resolved prior to this matter going to trial.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants hereby invoke all relevant and applicable provisions of the Louisiana Governmental Claims Act (La. R.S. § 13:5101, *et seq.*), including the limitation of liability contained therein, as well as any and all other statutory or jurisprudential limitations of liability, costs, and interest available to them under the law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants invoke all relevant and applicable provisions of La. R.S. § 9:2798.1 and the limitation of liability contained therein.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are without merit and Defendants are entitled to be awarded the attorney's fees and costs incurred in defense of this matter.

**AND NOW,** further answering the Complaint, Defendants answers the individual allegations as follows:

1.

The allegations contained in paragraph 1 of Plaintiff's Complaint denied as written and/or for lack of sufficient information to justify a belief therein.

2.

The allegations contained in paragraph 2 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

3.

The allegations contained in paragraph 3 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraph 4 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

5(a).

The allegations contained in paragraph 5(a) of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

5(b).

The allegations contained in paragraph 5(b) of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

5(c).

The allegations contained in paragraph 5(c) of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

5(d).

The allegations contained in paragraph 5(d) of Plaintiff's Complaint are admitted only insofar as Defendants admit that, at the time of the events alleged in the Complaint, Defendant Rodney J. "Jack" Strain was Sheriff of St. Tammany Parish and to admit that Sheriff Randy Smith is the successor-in-interest to former Sheriff Rodney J. "Jack" Strain in his official capacity. The remaining allegations are denied.

5(e).

The allegations contained in paragraph 5(e) of Plaintiff's Complaint are admitted only insofar as Defendants admit that, at the time of the events alleged in the Complaint, Christopher Comeaux was an employee of the St. Tammany Parish Sheriff. The remaining allegations are denied.

5(f).

The allegations contained in paragraph 5(f) of Plaintiff's Complaint are admitted only insofar as Defendants admit that, at the time of the events alleged in the Complaint, Brandon Stephens was an employee of the St. Tammany Parish Sheriff. The remaining allegations are denied.

5(f).[2]

The allegations contained in duplicate paragraph 5(f) of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

5(g).

The allegations contained in paragraph 5(g) of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

6.

The allegations contained in paragraph 6 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph 7 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

8.

The allegations contained in paragraph 8 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

9.

The allegations contained in paragraph 9 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

---

[2] Defendants note that Plaintiff's Complaint misnumbered this paragraph as a duplicate paragraph 5(f). Defendants deny the allegations contained in this duplicate paragraph

10.

The allegations contained in paragraph 10 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

11.

The allegations contained in paragraph 11 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

12.

The allegations contained in paragraph 12 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

13.

The allegations contained in paragraph 13 of Plaintiff's Complaint are denied as written.

14.

The allegations contained in paragraph 14 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

15.

The allegations contained in paragraph 15 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

16.

It is admitted that Plaintiff was arrested by deputies employed by Sheriff Strain, the predecessor in interest to Sheriff Smith, on or about the 19th day of August, 2011 for Distribution of a Schedule II Controlled Dangerous Substance, namely cocaine. The remaining allegations contained

in paragraph 16 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

17.

The allegations contained in paragraph 17 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

18.

The allegations contained in paragraph 18 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

19.

The allegations contained in paragraph 19 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

20.

The allegations contained in paragraph 20 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

21.

The allegations contained in paragraph 21 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

22.

The allegations contained in paragraph 22 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

23.

The allegations contained in paragraph 23 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

24.

The allegations contained in paragraph 24 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

25.

The allegations contained in paragraph 25 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

26.

The allegations contained in paragraph 26 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

27.

The allegations contained in paragraph 27 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.   Defendants further aver that the court records are the best evidence of the disposition of the referenced matter.

28.

The allegations contained in paragraph 28 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

29.

Defendants admit that a document purporting to be an original complaint was filed in this matter on or about July 3, 2014. The remaining allegations contained in paragraph 29 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

30.

The allegations contained in paragraph 30 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

31.

The allegations contained in paragraph 31 of Plaintiff's Complaint are denied. Defendants further note that the "St. Tammany Sheriff's Office," which has not been served, is a non-existent entity for all legal purposes, without the capacity to sue or be sued. In an abundance of caution, and to whatever extent deemed necessary, any allegations against it are also denied.

32.

The allegations contained in paragraph 32 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

33.

The allegation in paragraph 33 of Plaintiff's Complaint that Plaintiff was pulled over and questioned without cause is denied. The remaining allegations contained in paragraph 33 of

Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

34.

The allegations contained in paragraph 34 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

35.

The allegations contained in paragraph 35 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

36.

The allegations contained in paragraph 36 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

37.

The allegations contained in paragraph 37 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

38.

The allegations contained in paragraph 38 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

39.

The allegations contained in paragraph  39 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

40.

The allegations contained in paragraph 40 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

41.

The allegations contained in paragraph 41 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

42.

The allegations contained in paragraph 42 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

43.

The allegations contained in paragraph 43 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

44.

The allegations contained in paragraph 44 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

45.

The allegations contained in paragraph 45 of Plaintiff's Complaint are denied.

46.

The allegations contained in paragraph 46 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

47.

The allegations contained in paragraph 47 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

48.

The allegations contained in paragraph 48 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

49.

The allegations contained in paragraph 49 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.   Defendants further note that court records are the best evidence of the status of the allegedly filed and pending motion for recusal.

50.

The allegations contained in paragraph 50 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

51.

The allegations contained in paragraph 51 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

52.

The allegations contained in paragraph 52 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

53.

The allegations contained in paragraph 53 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

54.

The allegations contained in paragraph 54 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

55.

The allegations contained in paragraph 55 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

56.

The allegations contained in paragraph 56 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

57.

The allegations contained in paragraph 57 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

58.

The allegations contained in paragraph 58 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

59.

The allegations contained in paragraph 59 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

60.

The allegations contained in paragraph 60 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

61.

The allegations contained in paragraph 61 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

62.

The allegations contained in paragraph 62 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.   Defendants further note that the St. Tammany Parish Sheriff's Office, which has not been served, is a non-existent entity for all legal purposes, without the capacity to sue or be sued. In an abundance of caution, and to whatever extent deemed necessary, any allegations against it are also denied.

63.

The allegations contained in paragraph 63 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.   Defendants further note that the St. Tammany Parish Sheriff's Office, which has not been served, is a non-existent entity for all legal purposes, without the capacity to sue or be sued. In an abundance of caution, and to whatever extent deemed necessary, any allegations against it are also denied.

64.

The allegations contained in paragraph 64 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

65.

The allegations contained in paragraph 65 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

66.

The allegations contained in paragraph 66 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

67.

The allegations contained in paragraph 67 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

68.

The allegations contained in paragraph 68 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

69.

The allegations contained in paragraph 69 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

70.

The allegations contained in paragraph 70 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

71.

The allegations contained in paragraph 71 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

72.

The allegations contained in paragraph 72 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

73.

The allegations contained in paragraph 73 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

74.

The allegations contained in paragraph 74 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.   Defendants further note that the "St. Tammany Sheriff's Office," which has not been served, is a non-existent entity for all legal purposes, without the capacity to sue or be sued. In an abundance of caution, and to whatever extent deemed necessary, any allegations against it are also denied.

75.

The allegations contained in paragraph 75 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from

Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

76.

The allegations contained in paragraph 76 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

77.

The allegations contained in paragraph 77 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

78.

The allegations contained in paragraph 78 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

79.

The allegations contained in paragraph 79 of Plaintiff's Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

80.

The allegations contained in paragraph 80 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

81.

The allegations contained in paragraph 81 of Plaintiff's Complaint are made against other parties, and no response is required from Defendants. To the extent a response is required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

82.

The allegations contained in paragraph 82 of Plaintiff's Complaint are made against other parties, and no response is required from Defendants. To the extent a response is required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein

83.

The allegations contained in paragraph 83 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

84.

The allegations contained in paragraph 84 of Plaintiff's Complaint are made against other parties, and no response is required from Defendants. To the extent a response is required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein

85.

The allegations contained in paragraph 85 of Plaintiff's Complaint are made against other parties, and no response is required from Defendants. To the extent a response is required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein

86.

The allegations contained in paragraph 86 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

87.

The allegations contained in paragraph 87 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

88.

The allegations contained in paragraph 88 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from

Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

89.

The allegations contained in paragraph 89 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

90.

The allegations contained in paragraph 90 of Plaintiff's Complaint that are made against Defendants are denied. For the allegations made against other parties, no response is required from Defendants. To the extent a response is required, the remaining allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

91.

Paragraph 91 of Plaintiff's Complaint is a request for a trial by jury, and no response is required from Defendants. To the extent a response is required, the allegations are denied as written and/or for lack of sufficient information to justify a belief therein.

92.

The final paragraph of Plaintiff's Complaint is a Prayer for Relief, and no response is required from Defendants. To the extent a response is required, the final paragraph of Plaintiff's Complaint is denied.

93.

Any allegation contained in Plaintiff's Complaint not admitted above is hereby denied.

**AND NOW FURTHER RESPONDING** to Plaintiff's Complaint:

94.

Defendants aver that the actions alleged by Plaintiff to have been committed by Defendants, to the extent they are determined to be true and correct, which is denied, were performed pursuant to clear and reasonable preexisting policies established for the St. Tammany Parish Sheriff's Office, that those policies met any and all applicable standards of care and conduct, and that said policies bore a rational relationship to legitimate law enforcement interests.

95.

Plaintiff's claims are without merit and Defendants are entitled to an award of attorney's fees and costs incurred in defense of this case, pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, codified at 42 U.S.C. § 1988(b) and as interpreted by *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), and it progeny.

96.

Defendants request a trial by jury herein as to all matters properly tried thereby.

**WHEREFORE,** Defendants, Sheriff Randy Smith, in his capacity as Sheriff of St. Tammany Parish, successor in interest to former Sheriff Rodney J. "Jack" Strain, Deputy Christopher Comeaux, and Deputy Brandon Stephens pray that after all due proceedings have been had, that there be judgment rendered in their favor dismissing Plaintiff's Complaint, with prejudice and at Plaintiff's cost. Defendants further pray that Plaintiff's case be declared frivolous, and prays for all general and

equitable relief to which they may be entitled under law and equity, including, but not limited to, an award of attorney's fees and costs incurred in defense of this case.

Respectfully submitted,

MILLING BENSON WOODWARD L.L.P.

/s/ Chadwick W. Collings
CHADWICK W. COLLINGS, T.A. (#25373)
ANDREW R. CAPITELLI (#31649)
68031 Capital Trace Row
Mandeville, Louisiana 70471
Telephone:    (985) 292-2000
Facsimile:     (985) 292-2001
ccollings@millinglaw.com
acapitelli@millinglaw.com
*Attorneys for Defendant, Sheriff Randy Smith, in his capacity as Sheriff of St. Tammany Parish, and Deputy Christopher Comeaux*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, a copy of the foregoing Pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system, and to all pro se litigants via United States Mail.

/s/ Andrew R. Capitelli

89211/438404

Page 26 of 26