UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THERONE MAGEE** | § | **CIVIL ACTION NO.: 14-1554** |
| | § | |
| **VERSUS** | § | **SECTION: H** |
| | § | |
| **DISTRICT ATTORNEY WALTER REED,** | § | **MAGISTRATE: 1** |
| ***ET AL*** | § | |
| | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO STAY

**MAY IT PLEASE THE COURT:**

**NOW COMES,** through undersigned counsel, Defendant, Sheriff Randy Smith, in his capacity as Sheriff of St. Tammany Parish, successor in interest to former Sheriff, Rodney J. "Jack" Strain, Jr. ("Sheriff Smith"), Deputy Christopher Comeaux, and Deputy Brandon Stephens (collectively "STPSO Defendants") and herewith provides this memorandum in support of their Motion to Stay.

### I. FACTS AND PROCEDURAL HISTORY

This case is a § 1983 claim based on allegations of an unconstitutional conspiracy to arrest and prosecute plaintiff, Therone Magee, arising out of two separate arrests of Mr. Magee on August 19, 2011 and on February 14, 2016, respectively. Upon information and belief, Mr. Magee went to trial and was ultimately acquitted of the charges that were brought as a result of his August 19, 2011, arrest. Upon information and belief, the charges that were ultimately accepted by the District Attorney for the 22nd Judicial District Court ("District Attorney") from the February 14, 2016, arrest were set for trial on August 15, 2016, however, due to Mr. Magee's

pending motion to recuse the District Attorney's office, the trial on those matters was continued until September 19, 2016.[1]

Defendants move to stay this matter because a conviction in the criminal proceeding could render moot plaintiffs lawsuit as *Heck v. Humphrey*[2] would bar at least some of plaintiff's claims against the defendants. Moreover, the District Court's decision on whether *Heck* is a bar to plaintiff's claims would be subject to an interlocutory appeal to the Fifth Circuit as it presents an issue of law.[3]

To proceed with this matter at this time prejudices the defendants and jeopardizes any possible qualified immunity defenses available to defendants. On the other hand, a stay in this matter vindicates the qualified immunity defense since it allows a *Heck* motion based on the results of plaintiff's criminal proceedings to be heard at the pre-trial stage without having to undertake broad ranging discovery.[4] Therefore, defendants respectfully submit that this Court should stay this matter until the Court can address the threshold issue of whether all of plaintiff's claims survive the criminal trial.

---

[1] See attached Minute Entries from Plaintiff's criminal proceedings, attached "A" and "B."

[2] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994); *See also Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999) *applying Heck v. Humphrey*.

[3] *See Miller v. Riser*, 84 Fed. Appx. 417, 419, (5th Cir. 2003), *citing, Wells v. Bonner,* 45 F.3d 90, 92, 94-95 (5th Cir. 1995)(providing "[t]his Court has jurisdiction to address *Heck* in an interlocutory appeal.")

[4] *See Batiste v. Colonial Sugars, Inc.,* 1995 WL 491153 (E.D. La. 1995), quoting, *Wicks v. Mississippi State University,* 41 F.3d 991, 994 n.9 (5th Cir. 1995)(stating "If the qualified immunity defense turns purely on a question of law or upon facts not disputed by the parties then the court should rule on the motion to dismiss [motion for summary judgment' without discovery.")(emphasis added); *See also, Acoustic Systems, Inc. v. Wenger Corp.,* 207 F.3d 287, 293 (5th Cir. 2000)(providing "the Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982), refashioned the qualified immunity doctrine "to permit the resolution of many insubstantial claims on summary judgment and to avoid subjecting government officials either to the costs of trial or to the burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time. The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is permitted to go to trial.")(emphasis added).

## II.  LAW & ARGUMENT

### STAYS ARE WARRANTED WHILE PARALLEL CRIMINAL PROCEEDINGS ARE PENDING:

This Court in *Bush v. Strain*[5] followed the Fifth Circuit's decision in *Mackey v. Dickson*,[6] and Louisiana U.S. District Court opinions in *Faulkner v. McCormick*[7] and *Guillory v. Wheelers*[8] when it held:

> The Court cannot determine at this time exactly how the plaintiffs excessive force claim would be affected by a criminal conviction on the charge of resisting arrest….In the circumstances of this case the better course is to stay the proceedings until the pending criminal case has run its course.

Similarly, in *Faulkner, supra,* the Court stayed plaintiff's §1983 action against the prosecutors and Sheriff Strain stating:

> Based on the foregoing, the Court declines to decide one way or the other at this time whether *Heck* and its progeny pose a bar to Faulkner's suit. If Faulkner is ultimately acquitted, it would seem that the prior reversal would permit him to freely pursue his claims. If he is ultimately convicted, however, the Court will then have to examine his complaint allegation by allegation to determine what claims, if any, might tend to cast doubt on his conviction. Therefore, out of an abundance of caution the Court concludes that a stay of this matter is warranted so that retrial can go forward in state court without any concerns of conflict between the cases or potential for inconsistent results. Both parties agree that a stay is an acceptable disposition at this time.

The instant case presents virtually the identical issue as was before the *Bush* and *Faulkner* Courts in so far as the body of facts associated with Mr. Magee's pending criminal charges are inexorably intertwined with at least some of the body of facts associated with this matter. As previously noted, in the criminal proceedings Mr. Magee still has a pending motion to

---

[5] *Bush v. Strain*, 2004 WL 1158038, at p.5 (ED. La. 2004)(Knowles, J.)

[6] *Mackey v. Dickson,* 47 F.3d 744, 746 (5th Cir. 1995)

[7] *Faulkner v. McCormick*, 2002 WL 31465892 {E.D. La. 2002)(Zainey, J.)

[8] *Guillory v. Wheeler*, 303 F.Supp.2d 808, 811 (M.D. La. 2004)

89211/438555

recuse the District Attorney from the prosecution, and thus Defendants aver the criminal proceedings are far from over.

Given the fact that *Heck* may ultimately bar some or all of plaintiff's claims with respect to his February 14, 2016, arrest, the interests of justice and judicial economy mandate a stay of these proceedings. Therefore, this Court should follow the reasoning as espoused in *Bush* and *Faulkner* and stay this matter until the Court can resolve the threshold issue of whether plaintiff's possible conviction in the pending State criminal matter bars at least some of his claims in the captioned matter.

### QUALIFIED IMMUNITY PROVIDES AN ADDITIONAL BASIS FOR CONTINUING TRIAL AND STAYING THIS MATTER:

"Governmental immunity is a threshold question which acts as a bar to a court's right to adjudicate the claim. It is a defense to the burdens of litigation, not just the burdens of liability. Until this threshold immunity question is resolved, discovery should not be allowed."[9] Stated another way:

> *Harlow* recognized…that officials who enjoy absolute or qualified immunity **should be protected, when possible, from the burdens of discovery as well as trial**….We recently complimented this principle in *Elliott v. Perez*…by requiring a plaintiff to plead specific facts to demonstrate why the official sued is not entitled to immunity.[10]

Thus, when "the qualified immunity defense turns purely on a question of law or upon facts not disputed by the parties then the court should rule on the motion to dismiss without discovery."[11]

---

[9] *Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987), citing, *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).

[10] *Sutton*, *supra* at 1299, quoting, *Austin Municipal Securities v. National Ass'n of Securities Dealers*, 757 F.2d 676, 686 n.8 (5th Cir. 1985)(emphasis added).

[11] *Batiste v. Colonial Sugars. Inc.*, 1995 WL 491153 (ED. La. 1995), quoting, *Wicks v. Mississippi State University*, 41 F.3d 991, 994 n.9 (5th Cir. 1995)

The above rules of law are applicable to the instant case because a conviction in plaintiff's criminal proceeding may, as a matter of law, bar some of plaintiff's claims;[12] and the burdens of discovery should not be undertaken until *Heck* has been addressed. Therefore, this Court should stay the captioned matter and all discovery until it can address the threshold issue of whether plaintiff's potential conviction bars at least some of plaintiff's claims against the governmental defendants.

### III. CONCLUSION

**WHEREFORE,** defendants pray for the reasons stated above that this Court grant their Motion to Stay this matter "until the pending criminal case has run its course…"[13] and the threshold issue of whether plaintiff's claims survive his pending criminal charges has been addressed by this Court.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*
**CHADWICK W. COLLINGS, T.A.     # 25373**
**ANDREW R. CAPITELLI              # 31649**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:     (985) 292-2000**
**Facsimile:      (985) 292-2001**
ccollings@millinglaw.com
acapitelli@millinglaw.com
*Attorneys for Defendant, Sheriff Randy Smith, in his capacity as Sheriff of St. Tammany Parish*

---

[12]*See Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999); and Hainze v. Richards, 207 F.3d 795, 799 (5" Cir. 2000).

[13]*Bush*, 2004 WL 1158038, at p.5 (ED. La. 2004)(Knowles, J.)

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2016, a copy of the foregoing pleading was sent to all counsel of record and any unrepresented parties via electronic mail, facsimile transmission, and/or via U.S Mail.

*s/ Chadwick W. Collings*