UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THERONE MAGEE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1554** |
| **WALTER REED, ET AL** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Sheriff Randy Smith, in his capacity as Sheriff of St. Tammany Parish and as successor in interest to former Sheriff Rodney J. "Jack" Strain, and Defendant Deputy Christopher Comeaux's Motion for Summary Judgment (Doc. 99). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This case arises out of two separate incidents that culminated in the arrest and criminal prosecution of Plaintiff Therone Magee. In both incidents, Plaintiff alleges broadly that St. Tammany Parish law enforcement officials worked together to violate his civil rights. The first incident arose out of a 2011 St. Tammany Parish Sheriff's Office investigation into the sale of powder cocaine (hereinafter "the 2011 Incident").[1] As part of the 2011 investigation,

---

[1] A full account of the 2011 Incident can be found in this Court's Order and Reasons dated May 29, 2020. *See* Doc. 127.

1

Defendant Stephens, a detective with the St. Tammany Parish Sheriff's Office ("STPSO"), organized a controlled purchase of powder cocaine. The participating undercover officer later identified the cocaine seller as Plaintiff. On August 19, 2011, Plaintiff was arrested and charged with distribution of cocaine. Plaintiff was tried and acquitted on July 9, 2013, after being confined to pretrial detention for the pendency of his trial. On July 7, 2014, Plaintiff filed this suit against numerous members of the STPSO and the St. Tammany Parish District Attorney's Office for violating his rights under federal and state law.

On July 8, 2016, Plaintiff filed a Second Amended Complaint to include new claims arising out of a 2016 arrest ("the 2016 Incident").[2] On February 14, 2016, Defendant Christopher Comeaux ("Comeaux"), a deputy with the STPSO, pulled Plaintiff over while he and his companion were driving to a wedding. According to Plaintiff, Comeaux pulled him over, ordered him out of the vehicle, and then threw him to the "pavement forcefully, and without cause, and with no resistance."[3] Comeaux then engaged in a "destructive search of the vehicle having no probable cause and receiving no permission to do so from anyone."[4] Plaintiff also alleges that Comeaux referenced Plaintiff's lawsuit against the STPSO on multiple occasions. Following the 2016 Incident, Plaintiff was charged with resisting an officer with force or violence, battery of a police officer, possession of marijuana, running a stop sign, and operating on a suspended license. Plaintiff spent one week in prison as a result of the charges. As of the date of Plaintiff's most recent Complaint, the charges were

---

[2] Doc. 50.
[3] Doc. 59 at 8.
[4] *Id*.

still pending. Plaintiff contends that there was "no justification whatsoever for any stop, detention, arrest or charge" and that Comeaux's conduct was retaliation for Plaintiff's existing suit against the STPSO.[5]

In Plaintiff's Fourth Amended and Supplemental Complaint, Plaintiff brings claims against numerous members of the St. Tammany Parish law enforcement pursuant to 42 U.S.C. § 1983 and Louisiana law for alleged Fourth Amendment, Due Process, and Equal Protection violations.[6] Relevant to this Motion are Plaintiff's claims against Defendants Comeaux and Sheriff Randy Smith ("Smith"). Plaintiff alleges that Comeaux "retaliate[d] against Mr. Magee through false detention and arrest."[7] Plaintiff brings claims against Comeaux under federal and state law for excessive force, unlawful detention, unlawful arrest, unlawful search and seizure, retaliation, conspiracy, and violations of equal protection and due process. As for Defendant Smith, Plaintiff brings claims against him in his official capacity as the Sheriff of St. Tammany Parish and as successor in interest to former St. Tammany Parish Sheriff Rodney Strain.[8] Plaintiff alleges that, during the 2011 and 2016 Incidents, the St. Tammany Parish Sheriff "implemented and/or allowed

---

[5] *See* Doc. 59 at 9.

[6] The Defendants in this matter are Walter Reed, in his individual capacity and official capacity as District Attorney for St. Tammany Parish; Randy Smith, in his official capacity as Sheriff of St. Tammany Parish; Ronald Gracianette, in his individual capacity and official capacity as Assistant District Attorney for St. Tammany Parish; Jason Cuccia, in his individual capacity and official capacity as Assistant District Attorney for St. Tammany Parish; Christopher Comeaux, in his individual capacity and official capacity as a Deputy of the STPSO; and Brandon Stephens, in his individual capacity and official capacity as Deputy of the STPSO. This Court has since dismissed all of Plaintiff's claims against Brandon Stephens. *See* Doc. 127. This Court has also dismissed the claims against Jason Cuccia and Ronald Gracianette in their individual capacities. *See* Doc. 36.

[7] Doc. 49 at 3.

[8] Rodney Strain was the St. Tammany Parish Sheriff at the time of the 2011 Incident and was named in Plaintiff's earlier Complaints.

3

unlawful policies and procedures, failed to adequately train, or failed to organize and control his office and the officers such that he allowed violations of the rights alleged herein."[9]

Now before the Court are Defendants Comeaux and Smith's Motion for Summary Judgment wherein they ask this Court to dismiss Plaintiff's claims against them. Plaintiff has not filed an opposition to the Motion for Summary Judgment. The Court may not, however, simply grant the Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[10] Instead, the Court will consider the merits of Defendants Comeaux and Smith's arguments.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[12] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]

---

[9] Doc. 59 at 3.
[10] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F. 3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F. 3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of La. (Bd. of Trs. for State Colls. and Univs.), 757 F. 2d 698, 709 (5th Cir. 1985).
[11] FED. R. CIV. P. 56.
[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[13] *Id.* at 248.

4

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[14] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[15] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[16]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[17] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[18] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[19]

## LAW AND ANALYSIS

In their Motion for Summary Judgment, Defendants Comeaux and Smith (collectively, the "Moving Defendants") ask this Court to dismiss

---

[14] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[15] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).
[16] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[17] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[18] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[19] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

Plaintiff's many claims against them. The claims against each Defendant are addressed in turn.

## I. Defendant Comeaux

Defendant Comeaux argues that Plaintiff cannot succeed on his claims against him because (1) Plaintiff's claims are barred under *Heck v. Humphrey*,[20] (2) Comeaux is entitled to qualified immunity, (3) Plaintiff cannot demonstrate the existence of a conspiracy, (4) Plaintiff has not sufficiently pleaded an Equal Protection claim against Comeaux, and (5) this Court has no jurisdiction over Plaintiff's remaining state law claims. The Court will address Comeaux's arguments in turn.

### A. Plaintiff's Claims Under *Heck v. Humphrey*

First, Comeaux argues that, pursuant to the Supreme Court's decision in *Heck v. Humphrey*, Plaintiff cannot succeed on his claims for excessive force, unlawful arrest, and unlawful search and seizure because he pleaded guilty to many of the charges arising out of the 2016 Incident. Before examining Plaintiff's claims under *Heck*, however, this Court must first analyze whether the Moving Defendants have presented sufficient evidence of Plaintiff's guilty pleas.

#### 1. Evidence of Plaintiff's Guilty Pleas

Plaintiff has not admitted that he pleaded guilty to the charges arising out of the 2016 Incident. In Defendants' Requests for Admission, Defendants ask Plaintiff to admit that, on June 11, 2018, he entered guilty pleas in connection with the events of February 14, 2016. In Plaintiff's Answer, he "objects to this Request to the extent the phrase of 'plea of guilty' calls for a legal conclusion. Subject to this objection and without waiver of the same,

---

[20] Heck v. Humphrey, 512 U.S. 477 (1994).

denied.'"[21] Plaintiff also denied that his June 11, 2018 guilty pleas have not been reversed, expunged, declared invalid, or called into question.[22] The Moving Defendants argue, however, that this Court should disregard Plaintiff's Answers and deem their Requests for Admission admitted because Plaintiff did not provide his Answers to their Requests until thirty days after the responsive deadline.[23] Federal Rule of Civil Procedure 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." "Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record."[24] As Plaintiff has not attempted to dispute the timeliness of his Answer or moved to withdraw the admissions, this Court deems Defendants' Requests for Admission admitted.

Notwithstanding the Requests for Admission, this Court finds that the Moving Defendants have presented sufficient evidence of Plaintiff's guilty pleas. The Moving Defendants present this Court with a felony bill of information, bearing docket number 572372,[25] and a misdemeanor bill of information, bearing docket number 572372,[26] that charge Plaintiff with

---

[21] *See* Doc. 99-8.

[22] *Id.* at 5.

[23] Defendants' Requests for Admission were signed on September 11, 2019. *See* Doc. 99-7. Plaintiff's Answers were signed on November 4, 2019. *See* Doc. 99-8.

[24] In re Carney, 258 F.3d 415, 419–20 (5th Cir. 2001) ("Rule 36(b) provides that '[a]ny matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" (citations omitted)).

[25] Doc. 99-4.

[26] Doc. 99-5.

7

several offenses arising out of the events of February 14, 2016. The Moving Defendants also present a transcript of proceedings taken in open court at the Twenty-Second Judicial District Court for the State of Louisiana on June 11, 2018.[27] In this transcript, the state court identifies the matter addressed as that of Therone A. Magee and docket numbers "588626/7" and "572372/3."[28] In the state court proceeding, Plaintiff pleads guilty to: (1) possession of marijuana, (2) resisting an officer with force or violence, and (3) battery of a police officer.[29] Plaintiff has not presented this Court with any contrary evidence or evidence indicating that these convictions have been called into question. Having found sufficient evidence of Plaintiff's convictions, this Court will next determine whether, under *Heck v. Humphrey*, these convictions preclude Plaintiff's claims against Defendant Comeaux.

   *2. Plaintiff's Claims Under Heck v. Humphrey*

Pursuant to *Heck*,

> a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[30]

When a district court confronts a § 1983 claim for damages that implicates a conviction or sentence, "*Heck* requires the district court to consider whether a

---

[27] Doc. 99-6.
[28] *See id.* at 1–2.
[29] *See id.* at 4–8. Plaintiff also pleaded guilty to possession of Alprazolam. *See id.* at 4. As this charge was not listed in the relevant bills of information or referenced in the pleadings, this Court presumes that the conviction is unrelated to the events of February 14, 2016.
[30] Ballard v. Burton, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Heck*, 512 U.S. at 486–87)).

8

judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[31] If that is the case, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[32]

As for Plaintiff's claims for excessive force, Comeaux argues that these claims are barred under *Heck* as Plaintiff has pleaded guilty to resisting an officer with force or violence and battery of a police officer.[33] Indeed, the Fifth Circuit has found that convictions of resisting an officer and battery of a police officer under Louisiana law can preclude a plaintiff's claim for excessive force.[34] The inquiry, however, does not end here. The Fifth Circuit has held that "a § 1983 claim [does] not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by *Heck,* if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim."[35] "[T]he determination of whether such claims are barred is analytical and fact-intensive, requiring [a court] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction."[36] Accordingly, "the court must review the sequence of events as

---

[31] *Id.* (citations omitted).
[32] *Id.*
[33] *See* Doc. 99-6 at 5–7.
[34] Arnold v. Town of Slaughter, 100 F. App'x 321, 323 (5th Cir. 2004) (finding that the plaintiff's conviction for resisting an officer precluded his claims for excessive force and unlawful arrest under *Heck*); Hudson v. Hughes, 98 F.3d 868, 872–73 (5th Cir. 1996) (finding that, because self-defense is a justification defense available to the Louisiana criminal defendant charged with battery, plaintiff's success on his claim for excessive force would necessarily imply the invalidity of his arrest and conviction).
[35] Bush v. Strain, 513 F.3d 492, 498 (5th Cir. 2008).
[36] *Id.*

alleged by the plaintiff and determine whether that sequence of events is inconsistent with the underlying criminal conviction."[37]

In Plaintiff's Fourth Amended and Supplemental Complaint, Plaintiff alleges that Defendant Comeaux pulled him over, ordered him out of the car, and then "threw [him] to the pavement forcefully, and without cause, and with no resistance."[38] Nothing in Plaintiff's Fourth Amended and Supplemental Complaint or previous Complaints suggests that there was more than one physical altercation between Plaintiff and Defendant Comeaux. Additionally, Plaintiff has not submitted any evidence of Comeaux's excessive force in opposition to this Motion for Summary Judgment. Accordingly, this Court must conclude that the same facts give rise to both Plaintiff's convictions and his claim for excessive force. Plaintiff's claim against Comeaux for excessive force is therefore dismissed.

Comeaux further argues that *Heck* also bars Plaintiff's claims for unlawful arrest and unlawful search and seizure. Again, *Heck* precludes a plaintiff from bringing "a § 1983 claim if prevailing on that claim would imply that his conviction was invalid."[39] In order for Plaintiff to prevail on his claim for unlawful search and seizure, he would have to prove that Comeaux had no probable cause to search the vehicle. Plaintiff's conviction for possession of marijuana, however, implies that Comeaux had probable cause to search the vehicle.[40] Similarly, Plaintiff's conviction for resisting an officer necessarily

---

[37] Pertuz v. Normand, No. 13-0293-SS, 2014 WL 1246839, at *7 (E.D. La. 2014).
[38] Doc. 59 at 8.
[39] Arnold v. Town of Slaughter, 100 F. App'x 321, 323 (5th Cir. 2004).
[40] *See* Chande v. Moore, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of Chande's resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone, the district court correctly

10

implies that Comeaux was legally authorized to arrest and detain him.[41] This reasoning extends to any claim Plaintiff might have against Comeaux for wrongful imprisonment.[42] Further, as "[t]he plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest," Plaintiff's First Amendment claim for retaliation is also barred by *Heck*.[43]

Plaintiff has not attempted to distinguish the factual basis for his § 1983 claims from that of his convictions. Accordingly, Plaintiffs claims against Comeaux for excessive force, unlawful arrest, unlawful search and seizure, and retaliation are hereby "dismissed with prejudice to their being asserted again until the *Heck* conditions are met."[44]

### B. Defendant Comeaux's Qualified Immunity

Defendant Comeaux argues that, to the extent that any of Plaintiff's claims against him are not barred under *Heck*, he is nonetheless entitled to qualified immunity. "Qualified immunity protects 'government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[45] "This demands a two-step analysis: whether a constitutional right was violated and whether the

---

determined that Chande's claims were barred by *Heck*." (citing Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995)).

[41] *See* Arnold, 100 F. App'x 321, 325 (5th Cir. 2004).

[42] *See* Doc. 127 ("Plaintiff's imprisonment was predicated on his arrest, and this Court has already determined that Defendant Stephens had a good faith, reasonable belief that probable cause existed. Accordingly, the Court holds that Plaintiff's wrongful imprisonment claim fails as a matter of law.").

[43] Nieves v. Bartlett, 139 S. Ct. 1715, 1724 (2019).

[44] DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007).

[45] Vincent v. City of Sulphur, 805 F.3d 543, 547 (5th Cir. 2015) (quoting Harlow v. Fitzgerald. 457 U.S. 800, 818 (1982)).

allegedly violated right was 'clearly established.'"[46] "When an individual asserts a claim for wrongful arrest, qualified immunity will shield the defendant officers from suit if "'a reasonable officer could have believed that [the arrest at issue] to be lawful, in light of clearly established law and the and the information the [arresting] officers possessed.'"[47] Qualified immunity persists even if the officer "'reasonably but mistakenly conclude[s] that probable cause is present.'"[48] "The Plaintiff has the burden of demonstrating that the defendant official is not entitled to qualified immunity."[49] Here, Comeaux argues that he had probable cause to investigate, arrest, and detain Plaintiff and that he is entitled to qualified immunity on Plaintiff's associated claims.

In Comeaux's affidavit, he contends that: he pulled Plaintiff over after Plaintiff failed to come to a complete stop at a stop sign and made two suspicious immediate left-hand turns; he learned that Plaintiff was not the owner of the vehicle and had no valid driver's license; he recognized that Plaintiff had a history of selling drugs and may be resistant to police officers; he noticed that Plaintiff's companion was concealing a pocket knife; Plaintiff refused to stand still outside of the vehicle as instructed; Plaintiff became combative when Comeaux tried to handcuff him while they waited for backup; and Comeaux discovered marijuana in the vehicle after smelling marijuana on Plaintiff's person.[50] Comeaux's affidavit demonstrates that he had probable cause to stop the vehicle, detain Plaintiff, and then arrest Plaintiff based on

---

[46] *Id*. (quoting McClendon v. City of Columbia, 305 F.3d 314, 322–23 (5th Cir. 2002).
[47] Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir. 2000) (quoting Hunter v. Bryant, 502 U.S. 224, 227 (5th Cir. 1994)).
[48] *Id*.
[49] *Id*. (quoting Wyatt v. Fletcher, 718 F.3d 496, 502 (5th Cir. 2013).
[50] *See* Doc. 99-3.

12

Plaintiff's resistance to arrest and possession of marijuana. Plaintiff presents no evidence to dispute these facts. Accordingly, Defendant Comeaux is entitled to qualified immunity on Plaintiff's § 1983 claims.

Moreover, although the Court finds that Comeaux acted reasonably and is otherwise entitled to qualified immunity, the Court notes that Plaintiff has not presented any evidence to create a genuine issue of material fact as to whether any of his constitutional rights was violated. In his Motion for Summary Judgment, Defendant Comeaux presents additional arguments as to why Plaintiff has failed to adequately plead or present evidence of Plaintiff's conspiracy and equal protection claims. As Plaintiff has presented absolutely no evidence in opposition to this summary judgment, however, this Court finds such an analysis unnecessary. Accordingly, summary judgment is granted in favor of Defendant Comeaux on Plaintiff's federal claims.

### C. Plaintiff's State Law Claims

In Plaintiff's Complaint, he asserts "various claims under the 1947 Louisiana Constitution and laws of the State of Louisiana including the acts of false arrest, false imprisonment, assault, battery and extortion, malicious prosecution, race-based prosecution, retaliation and others to be named after discovery and before the jury trial on this matter."[51] The Moving Defendants ask this Court to decline to exercise jurisdiction over these state law claims. This Court, however, need not address jurisdiction as this Court finds that Plaintiff's state law claims against the Moving Defendants fail on the merits. At the summary judgment stage, Plaintiff has the burden to demonstrate that a reasonably jury could find for him on these claims. As Plaintiff has not submitted any evidence in opposition to this Motion for Summary Judgment,

---

[51] Doc. 59 at 17–18.

Plaintiff has failed in this burden. Plaintiff's state law claims against the Moving Defendants are hereby dismissed.

### D. Plaintiff's Claims Against Comeaux in his Official Capacity

Plaintiff asserts claims against Comeaux in both his individual and official capacities. Comeaux asks this Court to dismiss all of Plaintiff's claims against him but only addresses the merits of Plaintiff's claims against him in his individual capacity. This Court, however, has already found in this matter that "[w]hen, as in this case, the Sheriff is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and it is appropriate to dismiss them."[52] Plaintiff's official capacity claims against Comeaux are therefore dismissed.

### II.  Claims Against Defendant Smith.

Defendant Smith asks this Court to dismiss all of Plaintiff's claims against him. Plaintiff has sued Defendant Smith only in his official capacity as the Sheriff of St. Tammany Parish. "Claims against the Sheriff in his official capacity are treated as claims against the municipal entity he represents. Municipalities may be held liable under § 1983 for constitutional violations if: (1) there is a constitutional violation; (2) an official policy or custom; and (3) a showing that the official policy or custom was the operational force behind the constitutional violation."[53] Defendant Smith asks this Court to dismiss Plaintiff's claims against him as Plaintiff has not presented evidence of a constitutional violation on the part of a STPSO member or an official policy or

---

[52] Doc. 127 at 17–18 (quoting Donahue v. Strain, No. CV 15-603, 2017 WL 3311241, at *16 (E.D. La. Aug. 3, 2017)).
[53] Bellard v. Gautreaux, 675 F.3d 454, 462 (5th Cir. 2012) (citing Monell v. Dep't of Soc. Ser., 436 U.S. 658 (1978)).

14

custom of the STPSO. This Court agrees with Defendant Smith. Accordingly, Plaintiff's federal claims against Defendant Smith are dismissed. Moreover, as discussed above, Plaintiff's state law claims against Defendant Smith are also dismissed for lack of evidence.

## CONCLUSION

For the foregoing reasons, Defendants Comeaux and Smith's Motion for Summary Judgment (Doc. 99) is **GRANTED**, and all of Plaintiff's claims against them are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 5th day of February, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**